## Lichtenstein v. Pennsylvania Turnpike Commission, Appellant.

416

Argued November 10, 1959. Before Jones, C. J., Bell, Musmanno, Jones, Cohen, Bok and McBride, JJ.

reargument refused March 14, 1960.

*Prall B. Roads*, Assistant Counsel, with him *Thomas E. Waters*, and *Hubert P. Earle*, Chief Counsel, for Pennsylvania Turnpike Commission, appellant.

*Edward J. Hardiman,* with him *Raymond Pearlstine,* and *Wisler, Pearlstine & Talone,* for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, December 31, 1959:

The Pennsylvania Turnpike Commission condemned and entered upon certain property of Morris Edwin Lichtenstein, the plaintiff, in Towamencin Township, in Montgomery County, for use in the construction of the Delaware River Extension of the Pennsylvania Turnpike. In due course, Lichtenstein petitioned the Court of Common Pleas of Montgomery County for the appointment of viewers for the ascertainment and determination of the damages due him for the Commission's appropriation of his property. The viewers filed their report on June 24, 1958. Therein they awarded the plaintiff damages in the sum of $84,800. No exceptions were filed to the viewers' report nor was an appeal taken from their award which automatically became final.

On September 19, 1958, almost three months after the final award (Lichtenstein having made numerous demands for payment in the interim), the Commission tendered him a check for $84,800 which he refused to accept because the sum did not include interest from the date of the viewers' award. The Commission persisted in refusing to pay interest on the award and a few days later petitioned the Court of Common Pleas of Montgomery County to order Lichtenstein to satisfy the award of record upon the Commission's paying to him the sum of $84,800. The court granted a rule on the Commission's petition calling upon Lichtenstein to show cause why satisfaction of the award should not be entered, as prayed for in the Commission's petition. After argument, the Court discharged the rule and ordered the Commission to pay interest on the award at

the rate of 6% from June 24, 1958, the date of the award's entry, until the date of payment. It is from that order that the Commission took this appeal.

The Act of April 25, 1929, P. L. 777, No. 328, Section 1, as amended by the Act of March 26, 1931, P. L. 10, No. 7, Section 1, 26 PS §43, provides that "The amount of damages allowed in a report of viewers for the taking, injury or destruction of property by the exercise of the right of eminent domain shall, as finally confirmed, bear interest at the rate of six per centum per annum from the date of the filing of the report."

It has been held that the foregoing statutory provision was not intended to bind the Commonwealth. In *Culver v. Commonwealth,* 348 Pa. 472, 474-475, 35 A. 2d 64, after noting that "The learned court below was of the opinion that the Act of April 25, 1929, P. L. 777, as amended by the Act of March 26, 1931, P. L. 10, has obligated the Commonwealth to pay interest under the facts of this case—this being an eminent domain proceeding", this Court then said that "A reading of this statute reveals that this was error. In Tunison v. Commonwealth, supra [347 Pa. 76, 31 A. 2d 521], we said (p. 78) : '. . . it is axiomatic that a statute is never presumed to deprive the state of any prerogative, right or property unless the intention to do so is clearly manifest, either by express terms or necessary implication. Baker et al. v. Kirschnek et al., 317 Pa. 225; Commonwealth v. Trunk et al., 320 Pa. 270; see 59 C. J. 1103, §653.' The Act of 1929, as amended, does not specifically mention the Commonwealth nor does it indicate any intendment on the part of the legislature to deprive the State of its nonliability for the payment of interest on its obligations."

The appellant relies on the ruling in *Pennsylvania Turnpike Commission v. Smith,* 350 Pa. 355, 363, 39 A. 2d 139, where this court affirmed the modification

by the court below of an award of arbitrators against the Turnpike Commission, under construction contracts, to the extent of disallowing the interest included in the award. After citing *Culver v. Commonwealth,* supra, and quoting therefrom to the same effect as hereinabove, it was held that " 'The Act creating the Turnpike Commission does not indicate any intention on the part of the legislature to require *the Commonwealth* to pay interest under the circumstances of this case.' " (Emphasis supplied). That statement is literally correct. Manifestly, the Act of 1929 does not require the Commonwealth to pay interest in the given circumstances. The *Culver* case definitely so ruled. The *Smith* case did not actually discuss the problem there posed for decision, namely, whether the *Turnpike Commission* is liable for interest on awards of arbitrators made against it. The question in that case was not whether the Commonwealth is liable for interest in such circumstances. The issue, which the opinion in the *Smith* case obviously failed to search, was whether the Commission is liable for interest on awards of arbitrators.

Nothing could be clearer than that claims against the Turnpike Commission are not chargeable to the Commonwealth. Yet, the above quoted statement from the *Smith* case plainly implies that the liabilities of the Turnpike Commission do not bear interest because the Commission is, in effect, the *alter ego* of the Commonwealth which is not liable for interest. This conclusion was reasoned from the fact that the Act of May 21, 1937, P. L. 774, No. 211, 36 PS §652a et seq., which created the Turnpike Commission, constituted it "an instrumentality of the Commonwealth," performing "an essential governmental function of the Commonwealth." But, equally so is every legislatively ordained municipal corporation, school district or po-

litical subdivision. School districts especially afford notable examples of instrumentalities of the Commonwealth engaged in the performance of an essential governmental function, the responsibility for the discharge whereof is laid primarily on the Commonwealth by the Constitution, which declares that the General Assembly shall provide for the maintenance and support of a thorough and efficient public school system. Art. X, Section 1. Certainly, no one can justifiably contend that, under the Act of 1929, as amended, governmental instrumentalities, such as school districts, municipalities and other political subdivisions are not liable for interest on awards of viewers for damages for property taken under the power of eminent domain; and no meritorious reason is apparent why the Act of 1929, as amended, is not also applicable to the Pennsylvania Turnpike Commission. Although the *Smith* case was not concerned with the effect of the Act of 1929 on awards of viewers, it is herewith overruled so far as its holding equates the Turnpike Commission with the Commonwealth in respect of liability for interest on claims against it.

In the *Culver* case, supra, it was said that to make the Commonwealth liable for interest, the legislature would expressly have to so declare, the *rationale* being that, without such legislative declaration, the Commonwealth is free from liability for interest because of its sovereign immunity. But, it would be carrying this particular immunity beyond justifiable limits to extend it to an instrumentality of the Commonwealth, created for the performance of an essential governmental function, where liability for the principal sum involved resulted from the appropriation by the instrumentality, under its power of eminent domain, of private property for use in the furtherance of the public purpose for which the instrumentality was created. Indeed, it

might well be questioned whether the legislature could constitutionally deprive a property owner of interest for delay in a condemnor's payment of an award made for property so taken. The Pennsylvania Constitution expressly provides that private property shall not be taken for public use unless *just* compensation to the owner be first made or secured: Article I, Section 10. And, this Court long ago recognized that, in constitutional contemplation, the compensation must be *just* "at the time its amount is settled": *Klages v. Philadelphia & Reading Terminal Co.*, 160 Pa. 386, 390, 28 A. 862. No lengthy reflection is needed in order to realize that the justness of such compensation is impaired by each day's delay in the payment of the award.

Judgment affirmed.