336 A.2d 609

**The PENNSYLVANIA TURNPIKE COM-MISSION, Appellant,**

**v.**

**SANDERS & THOMAS, INC., Appellee.**

Supreme Court of Pennsylvania.

Argued May 22, 1974.

Decided April 17, 1975.

422

**424**

Kenneth M. Cushman, Philadelphia, for appellant.

Gilbert Stein, Marvin Comisky, Blank, Rome, Klaus & Comisky, Alan C. Gershenson, William E. Taylor, III, Philadelphia, for Sanders & Thomas, Inc., appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

POMEROY, Justice.

On June 30, 1969, the Pennsylvania Turnpike Commission [hereinafter the "Commission"] and Sanders & Thomas, Inc. [hereinafter "S & T"] entered into a written contract under the terms of which S & T was to complete plans and specifications in connection with the construction of toll collection facilities at several interchanges on the Pennsylvania Turnpike. The contract contained the following arbitration provision:

> "All questions or disputes respecting any matter pertaining to or arising out of this agreement or any part thereof or any breach thereof shall be referred to a Board of Arbitration acting under the provisions of the Act of April 25, 1927, P.L. 381, as amended, consisting of a representative selected by each of the parties hereto and a third Arbitrator selected by them. In the event that the two Arbitrators selected by the parties are unable to agree as to the third Arbitrator, such third Arbitrator shall be designated by the American Arbitration Association."

During the course of performance of the contract disputes arose as to the amount of compensation to which S & T was entitled. These disputes culminated in the refusal of the Commission to pay S & T's final bill of $557,536.14, whereupon S & T demanded arbitration in accordance with the contract. A board of arbitrators was selected, and hearings were conducted by the arbi-

trators on March 22 and 23, 1973. On the latter date the arbitrators unanimously awarded to S & T the sum of $557,474 together with interest thereon computed at a rate of six per cent. per annum from March 1, 1972.

The Commission then filed in the Commonwealth Court [1] a petition to vacate, or, in the alternative, to modify the award.[2] In this petition the Commission asserted that the arbitrators lacked the authority to decide the matters submitted to them and that the arbitrators had made various errors in conducting the proceedings and in computing the award. The Commonwealth Court resolved all questions against the Commission, affirmed the award and entered judgment in favor of S & T. 12 Pa.Cmwlth. 145, 316 A.2d 127 (1970). This appeal followed.[3]

In this Court the Commission has narrowed its challenge to the arbitration award to two issues: whether the arbitrators had the authority to decide the questions presented to them, and whether the arbitrators erred in fixing March 1, 1972, a date which preceded the award, as the time from which interest on the award would be allowed.

## I.

As indicated at the outset, the arbitration here challenged by the Commission was conducted pursuant to a contract to which it was a party,[4] and which provided for arbitration of disputes by "a Board of Arbitration acting

1. The jurisdiction of the Commonwealth Court over this petition was based upon Section 401(a)(2) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, No. 223, Art. IV, § 401, 17 P.S. § 211.401(a)(2) (Supp.1974).

2. See Act of April 25, 1927, P.L. 381, No. 248, §§ 10, 11, 5 P.S. §§ 170, 171.

3. See Act of April 25, 1927, P.L. 381, No. 248, § 15, as amended, 5 P.S. § 175. Jurisdiction of this appeal is in this Court by virtue of the Act of July 31, 1970, P.L. 673, No. 223, Art. II, § 283, 17 P.S. § 211.203 (Supp.1974).

4. The appellee asserts in its brief that the contract was drafted by the Commission. Appellee's brief, p. 5.

under the provisions of the Act of April 25, 1927, P.L. 381, as amended." Notwithstanding that the Commission so agreed, that it cooperated in the naming of arbitrators and that it participated fully in the arbitration hearings, all without any suggestion that the proceeding was in any way questionable, it now seeks to vacate the award on the ground that the proceeding was a nullity and the award void. The Commission asserts that no doctrine of waiver or estoppel is applicable because the defect is one of jurisdiction. This conclusion is based on the proposition that the arbitration act of 1927 [5] [hereinafter the "Act of 1927"] was repealed in part when, ten years after its enactment, the legislature adopted the arbitration of claims act of 1937 [6] [hereinafter the "Act of 1937"]. The Commission argues further that since S & T did not invoke arbitration by the only permissible method, viz., that provided by the Act of 1937, it is now without remedy of any sort by reason of the Commonwealth's immunity to suit, which the Commission, as an instrumentality of the Commonwealth, shares.[7] Constitution of Pennsylvania, Art. I, Sec. 11, P.S.; see *Rader v. Pennsylvaia Turnpike Commission*, 407 Pa. 609, 182 A. 2d 199 (1962) (upholding the Commission's immunity from liability in trespass actions arising out of negligence of employees of Commission in maintenance of the highway). The theory has a certain plausibility, but we are persuaded that it is not sound, and in the context of this case is unconscionable; like the Commonwealth Court, we reject it.

5. Act of April 25, 1927, P.L. 381, No. 248, § 1 et seq., 5 P.S. § 161 et seq.

6. Act of May 20, 1937, P.L. 728, No. 193, § 1 et seq., as amended 72 P.S. § 4651–1 et seq.

7. The Act of Assembly creating the Pennsylvania Turnpike Commission, and by which it is governed, constituted the Commission an "instrumentality of the Commonwealth", and declared the exercise by the Commission of the powers granted to it to be "an essential governmental function of the Commonwealth." Act of May 21, 1937, P.L. 774, No. 211, § 4, 36 P.S. § 652d.

■ The backbone of the Act of 1927 is the flat and unequivocal stipulation of its first section: "A provision in any written contract, except a contract for personal service, to settle by arbitration a controversy thereafter arising out of such contract, or out of the refusal to perform the whole or any part thereof, . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract" (§ 1, 5 P.S. § 161). The remaining provisions of the Act are in aid of that basic section, setting forth enforcement rights and the procedural framework of the arbitrational process. They need not be set out in detail in this opinion. Suffice it to say that the Act of 1927 provides for the ad hoc appointment of boards of arbitrators or an umpire in such manner as the parties shall agree, or, in the absence of an agreement, for appointment of such persons by the court of common pleas (§ 4, 5 P.S. § 164); the courts of common pleas may adopt rules of procedure and practice which shall govern the arbitration proceedings (§ 5, 5 P.S. § 165); the arbitration award may be confirmed, vacated, or modified by the court at any time within one year after the award is made, and judgment thereupon entered in conformity with an order confirming, modifying or correcting an award (§§ 9–14, 5 P.S. §§ 169–174). Of particular importance with respect to contracts entered into by "public bodies" is Section 16, which provides as follows:

"The provisions of this act shall apply to any written contract to which the Commonwealth of Pennsylvania, or any agency or subdivision thereof, or any municipal corporation or political division of the Commonwealth shall be a party." (5 P.S. § 176).[8]

8. Cf. the Act of May 13, 1925, P.L. 670, §§ 1, 2, 5 P.S. §§ 180, 181. This statute, which preceded the Act of 1927 by two years, provided that the Commonwealth and its agencies and political subdivisions could legally include in any contract a provision for arbitration in accordance with the arbitration act of June 16, 1836, P.L. 715, § 1, 5 P.S. § 1. This Act was impliedly repealed by § 16 of the Act of 1927.

On the face of this Act, therefore, it would appear not only that the Commission was acting within its statutory authority by including the arbitration clause in its contract with S & T and thereafter proceeding to arbitration in accordance with the contract, but also that the Commission was statutorily required to do exactly what it did.

The Act of 1937 is more elaborate. A permanent Board of Arbitration of Claims is established, the three members of which are appointed by the Governor. One member of the Board must be learned in the law and one is required to be a civil engineer. The third member is to be a citizen and resident of the Commonwealth who is neither a lawyer nor an engineer (Act of 1937, § 1, 72 P. S. § 4651-1). The Board has no power to decide claims presented more than six months after they have accrued (§ 5, 72 P.S. § 4651-6). The hearings before the Board are public and are governed in general by the Pennsylvania Rules of Civil Procedure (§ 8, 72 P.S. § 4651-8). Appeals from awards must be taken within thirty days after the awards are made (§ 8(b), 72 P.S. § 4651-8(b)).

Appellant argues that Section 16 of the Act of 1927, *supra*, has been impliedly repealed by Section 4 of the Act of 1937, 72 P.S. § 4651-4, which provides that the Board of Arbitration of Claims "shall have jurisdiction to hear and determine all claims against the Commonwealth arising from contracts hereafter entered into with the Commonwealth, where the amount in controversy amounts to $300.00 or more." It is appellant's position that this language sets up the Board of Arbitration of Claims as the sole vehicle for the resolution of claims of $300 or more arising from contracts to which the Commonwealth or its instrumentalities are parties. In determining whether Section 4 of the Act of 1937 im-

pliedly repealed Section 16 of the Act of 1927, we are mindful that repeals of statutes by implication "are not favored"[9] and that, as a general rule, "a later statute shall not be construed to supply or repeal an earlier statute unless the two statutes are irreconcilable."[10] These considerations are particularly significant in a case such as this, involving two statutes which for decades have coexisted without apparent conflict or confusion.

Section 4 of the Act of 1937 does not provide that the jurisdiction of the Board of Arbitration of Claims shall be exclusive, nor does it expressly proscribe arbitration under the Act of 1927. Indeed, the Act of 1937 makes no reference whatever to the earlier statute.[11] There is nothing inherently inconsistent in the existence of two distinct statutory procedures for the resolution of the same disputes even though the result may be a lack of symmetry in the area. See *Jenner Township Annexation Case, supra* note 9. Although the procedures established by the two statutes before us differ in a number of respects, they are not repugnant one to the other. In the absence of a clear indication, either express or implied, of legislative intent that the Act of 1937 shall apply to all those cases it covers to the exclusion of the Act

**9.** *Parisi v. Philadelphia Zoning Board of Adjustment,* 393 Pa. 458, 462, 143 A.2d 360 (1958); see *H. C. Frick Coke Company Appeal,* 352 Pa. 269, 274, 42 A.2d 532 (1945); *Scott v. Bell,* 344 Pa. 243, 246, 25 A.2d 308 (1942); *Jenner Twp. Annexation Case,* 208 Pa. Super. 62, 64, 220 A.2d 385 (1966), affirmed, 423 Pa. 609, 225 A. 2d 247 (1966).

**10.** Act of November 25, 1970, P.L. 707, No. 230, as amended, 1 Pa.C.S. § 1971 (Supp.1974). "There may, indeed, be an implied repeal of a legislative enactment. But it can arise only where the language used in the later statute necessarily discloses an irreconcilable repugnancy between its provisions and those of the earlier statute so inconsistent as not to admit of any fair consonant construction of the two." *Parisi v. Philadelphia Zoning Board of Adjustment, supra,* n. 9 at 463, 143 A.2d at 363.

**11.** Cf. § 19 of the Act of 1927, 5 P.S. § 179, which expressly repeals all acts or parts of acts inconsistent with it.

of 1927, we must assume that it was the intention of the legislature that the procedures embodied in the two acts are to stand together, providing alternate and discrete methods of dispute resolution for the Commonwealth and those who contract with it. Thus, we hold that Section 16 of the Act of 1927 has not been repealed by implication by Section 4 of the Act of 1937.

In a number of decisions during the almost four decades that these two arbitration statutes have been "on the books" this Court has upheld awards made pursuant to both statutes.[12] Because in most cases the issues on appeal have focused on only one act or the other, the opinions of the Court have been similarly directed, and have not been required to consider whether there were situations in which one act and not the other would be the appropriate arbitrational vehicle. In light of the necessity in this case to consider the interplay of the two acts, and of our conclusion that they continue to co-exist, we deem it appropriate to state briefly the guidelines for employment of these remedies as they appear from the terms of the statutes and the exposition thereof in our decisions.

1. A contract between the Commonwealth of Pennsylvania (including both here and in the paragraphs which

---

12. In the following cases awards rendered pursuant to the Act of 1927 have been upheld: *Pennsylvania Turnpike Commission v. Smith*, 350 Pa. 355, 39 A.2d 139 (1944) (overruled in part on another issue in *Lichtenstein v. Pennsylvania Turnpike Commission*, 398 Pa. 415, 158 A.2d 461, see note 16 *infra*, and accompanying text). *Acchione v. Commonwealth*, 347 Pa. 562, 32 A.2d 764 (1943); *Seaboard Surety Co. v. Commonwealth*, 345 Pa. 147, 27 A.2d 27 (1942); *Philadelphia Housing Authority v. Turner Construction Co.*, 343 Pa. 512, 23 A.2d 426 (1942); *J. M. Davis Co. v. Shaler Township*, 332 Pa. 134, 2 A.2d 708 (1938). See also *J. L. Turner Co. v. The General State Authority*, 41 D. & C.2d 118 (C. P. Dauphin Co. 1966).
Likewise, awards rendered pursuant to the Act of 1937 have been upheld in *Eidemiller, Inc. v. State Highway & Bridge Auth.*, 408 Pa. 195, 182 A.2d 911 (1962); *Foley Bros., Inc. v. Commonwealth*, 400 Pa. 584, 163 A.2d 80 (1960).

follow, its agencies, instrumentalities and political subdivisions) and another may contain an agreement to arbitrate any dispute arising under the contract pursuant to the Act of 1927. In such situations, of which the case at bar is one, the arbitration provisions of the Act of 1927 will apply. Under that Act, the Commonwealth may be the aggrieved party who invokes arbitration.

2. A contract between the Commonwealth and another may provide for arbitration under the Act of 1937. In such case the arbitration provisions of the Act of 1937 will apply. Under that Act the Board of Arbitration of Claims has jurisdiction only over claims *against* the Commonwealth, and then only if the amount in controversy exceeds $300. Act of 1937, §§ 1 and 4, 72 P.S. §§ 4651–1 and 4651–4.

3. If a contract between the Commonwealth and another contains an arbitration provision but refers to neither statute, the Act of 1927 will normally apply, since it operates to allow either party to assert claims against the other, and is not limited as to the amount in controversy.[13]

4. If a contract between the Commonwealth and another is silent as to arbitration and provides no permissible remedy for an aggrieved person who contracts with the Commonwealth, the Act of 1937 will apply. Although the language in some of our opinions seems to say that the terms of the Act of 1927 are to be automatically read into any contract to which the Commonwealth is a party whether or not arbitration is provided for, an examination of such cases discloses that each contract under review did in fact contain an arbitration clause. The broad language has been reserved for cases in which the

13. See *Acchione v. Commonwealth, supra* n. 12; *Seaboard Surety Company v. Commonwealth, supra* n. 12; *Philadelphia Housing Authority v. Turner Construction Company, supra* n. 12; *J. M. Davis Co. v. Shaler Township, supra* n. 12.

arbitration provisions have been inconsistent with the provisions of the Act of 1927, as by providing that an award shall be final and binding without right of appeal.[14] While private parties may so contract for common law arbitration, our cases have held, quite properly in light of Section 16 of the Act of 1927, that the Commonwealth may not do so.[15]

These conclusions are essentially the same as those reached by the Commonwealth Court. We agree with its synthesis in the following passage of Judge Rogers' opinion: "By the Arbitration of Claims Act of 1937, [the legislature] granted all persons having claims arising from contracts entered into with the Commonwealth, not providing other means of settlement [such as arbitration under the Act of 1927], the right to redress through the Board thereby created. The Acts provide separate remedies, the availability of each depending upon the contract from which the controversy has emanated." 12 Pa. Cmwlth. 145, 153, 316 A.2d 127, 132 (1974).

In sum, we conclude that the Act of 1927 has not been repealed and that the arbitration board in this case was not without jurisdiction of the claim.

## II.

 The second issue before us is whether the arbitrators erred in awarding the appellee interest upon

14. See *Acchione v. Commonwealth, supra* n. 12; *Seaboard Surety Company v. Commonwealth, supra* n. 12; *Philadelphia Housing Authority v. Turner Construction Company, supra* n. 12.

15. See *J. M. Davis Co. v. Shaler Township, supra* n. 12, 332 Pa. at 138, 2 A.2d at 710, which contains what we believe to be an accurate statement of the effect of the Act of 1927:
"Under the Arbitration Act of 1927 a written contract, except a contract for personal services, *may include* a provision to settle by arbitration a controversy thereafter arising out of such contract. The *arbitration provided for in contracts* made after that act took effect must be proceeded with according to the terms of that statute. . . ." (Emphasis added.)
See also the cases cited in n. 14 *supra.*

the award for a period—approximately one year—preceding the rendering of the award.

Due largely to the escalating costs of the construction involved, the compensation to which the appellee was entitled became a matter of dispute between the parties. The amount of the fee was, however, ascertainable by computation in accordance with the provisions of the contract. See *Murray Hill Estates, Inc. v. Bastin,* 442 Pa. 405, 276 A.2d 542 (1971) ; *Mauch v. Pittsburgh Pension Board,* 383 Pa. 448, 119 A.2d 193 (1956); *Palmergreen v. Palmer's Garage, Inc.,* 383 Pa. 105, 117 A.2d 721 (1955) ; *Carbondale City School Dist. v. Fidelity and Deposit Co. of Maryland,* 346 Pa. 491, 31 A.2d 279 (1943); *see also* Restatement of Contracts § 337 (1932). The arbitrators apparently concluded that the delay in payment beyond a reasonable time after demand was without justification, and so allowed interest from the expiration of that reasonable time. This was a proper subject of the arbitration proceeding, and in fact was not objected to by the Commission.

On this appeal the Commission does not question its liability for interest if reckoned from the date of the award, but argues that, because it is an instrumentality of the Commonwealth, it is not liable, as are private litigants, for interest for any period of time prior thereto. It is a "well-settled rule that a sovereign state is not liable for interest in any case except where, expressly or by reasonable construction of a contract or statute, it has placed itself in a position of liability," *Purdy Estate,* 447 Pa. 439, 442, 291 A.2d 93, 95 (1972). We think that the requirement of arbitration places the Commission in a position of being liable for interest—or delay compensation—in a case such as this. See *Commonwealth v. Berger,* 11 Cmwlth. 332, 345–47, 312 A.2d 100, 108 (1973), in which the Commonwealth Court held that "[b]y authorizing [under the Act of 1937] unlimited awards

**434**

against the Commonwealth, the Legislature appears to have included the right to award interest." [16]

Order affirmed.

ROBERTS, J., did not participate in the consideration or decision of this case.

16. See also *Lichtenstein v. Pennsylvania Turnpike Commission,* 398 Pa. 415, 158 A.2d 461 (1960), wherein this Court held that the Turnpike Commission does not share the Commonwealth's exemption from liability for interest. In so holding, this Court overruled *Pennsylvania Turnpike Commission v. Smith,* 350 Pa. 355, 39 A.2d 139 (1944), "so far as its holding equates the Turnpike Commission with the Commonwealth in respect of liability for interest on claims against it." *Lichtenstein v. Pennsylvania Turnpike Commission, supra,* 398 Pa. at 420, 158 A.2d at 463.