Larry Parker, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued November 13, 1979, before Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Arnold C. Grossman,* of *Fine, Staud & Grossman,* for petitioner.

*Jean E. Graybill,* Assistant Attorney General, with her, *James R. Adams,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, March 6, 1980:

Larry Parker has filed a Petition for Review for Declaratory Judgment asking us to declare invalid as against the Pennsylvania Department of Public Welfare (DPW) an "Agreement and Authorization to Pay Claim" (Agreement) a copy of which is attached to the petition now before us. DPW has filed preliminary objections in the nature of a petition raising the question of jurisdiction, a motion to strike and a demurrer.

DPW contends that since the Agreement is a contract, exclusive jurisdiction to determine its validity lies with the Board of Claims. Petitioner contends that the Agreement is not a contract and, therefore, the Board of Claims has no jurisdiction. Whether or not the Agreement is a contract, this Court does have jurisdiction of the instant case.

Section 4 of the Act of May 20, 1937, P.L. 728, *as amended,* 72 P.S. §4651-4 provides that:

The Board of Claims shall have exclusive jurisdiction to hear and determine all *claims against the Commonwealth* arising from contracts hereafter entered into with the Com-

monwealth where the amount of controversy amounts to $300.00 or more. (Emphasis added.)
This proceeding does not involve a claim against the Commonwealth. Regardless of whether the Agreement is declared to be valid or invalid, the Commonwealth will not be required to pay any sum nor to perform any act with respect to Parker. In *Vespaziani v. Department of Revenue*, 40 Pa. Commonwealth Ct. 54, 396 A.2d 489 (1979), the petitioner sought by a suit in equity to compel the Department of Revenue to perform what the petitioner characterized as a contractual obligation. We held that exclusive jurisdiction of such a case lay with the Board of Claims (Board) notwithstanding petitioner's argument that the Board had no power to grant specific performance. Judge MENCER held that:

> However, the test for determining whether a court has jurisdiction of the subject matter is whether the court is competent to determine controversies of the general class to which the case presented belongs, and the controlling question is whether the court has power to enter upon the inquiry and *not whether it was unable to grant the relief sought.* (Citation omitted.) (Emphasis in the original.)

40 Pa. Commonwealth Ct. at 58, 396 A.2d at 491.
In the instant case, it is not so much the fact that the Board cannot fashion a remedy that gives us jurisdiction as opposed to the Board, but rather the fact that this simply is not a "claim against the Commonwealth." In any event, we hold that this Court, rather than the Board, has subject matter jurisdiction in the instant case.

Our discussion of the petition raising a question of jurisdiction likewise disposes of the DPW's preliminary objection that Parker has an alternate remedy with the Board of Claims. He does not.

DPW has moved to strike the petition before us because it fails to comply with Pa. R.A.P. 1513 and Pa. R.A.P. 3709. Our examination of the petition indicates that the petition is defective because it does not comply with those Rules. Parker would have us ''slough over'' these matters by invoking the provisions of Pa. R.A.P. 105. Pa. R.A.P. 1513 requires Parker to set forth a statement of the basis for the jurisdiction of this Court. The Rule is an important one because neither this Court nor the Respondents should be required to guess concerning the basis for our jurisdiction. Neither the Rule nor the Act cited by Parker in his Petition for Review satisfy the requirements of Rule 1513. However, since the Act cited by Parker is the Declaratory Judgments Act (Act), 42 Pa. C.S. §7531 *et seq.* and Parker's brief refers to our original jurisdiction we assume that the case is one brought in our original jurisdiction. Our point is that we should not be required to assume anything from a Petition for Review.

Pa. R.A.P. 3709 requires the Petitioner to include certain names and addresses in the notice to defend where a case is brought in our original jurisdiction. Parker did not comply. Even though the Rule would have no practical application in the instant case, Parker cannot take it upon himself to decide that compliance may be omitted.

Our Court has said, ''Rules of Court, promulgated for the orderly administration of justice, cannot be ignored absent clear injustice.'' *Department of Transportation v. DePaul*, 32 Pa. Commonwealth Ct. 211, 216, 378 A.2d 1032, 1035 (1977). In the instant case, we note that this is Parker's second attempt to obtain relief, his prior claim in the Philadelphia Court of Common Pleas having been dismissed for lack of jurisdiction by that court. If we strike the petition now before us, as we would have every right to do,

we will only delay the ultimate resolution of the problem and we will be punishing the litigant for counsel's .dereliction of duty. In the instant case, that would be injustice and for that reason only, we will invoke Rule 105.

DPW's demurrer is completely without merit. The Petition for Review does state a cause of action under the Act. It does not present an appealable order or quasi judicial order to be reviewed by this Court because the petition is filed in our original jurisdiction and we note that DPW has so treated it. It is not necessary for a petition brought under the Declaratory Judgments Act to allege injury or harm to the Petitioner.

## ORDER

AND Now, this 6th day of March, 1980, the preliminary objections of the Department of Public Welfare to the Petition for Review of Larry Parker are overruled.

President Judge BOWMAN did not participate in the decision in this case.

Judge DISALLE did not participate in the decision in this case.