509 A.2d 1377

Stambaugh's Air Service, Inc., Petitioner *v.* Thomas D. Larson, Secretary of the Department of Transportation, Commonwealth of Pennsylvania, Respondent.

Argued February 7, 1986, before Judges MACPHAIL and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Michael Q. Davis, Campbell, Spitzer, Davis &* *Turgeon,* for petitioner.

*Andrew H. Cline,* Assistant Counsel, with him, *Kenneth E. Kendell,* Assistant Counsel, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for respondent, Department of Transportation.

*Calvin R. Koons,* Deputy Attorney General, with him, *Allen C. Warshaw,* Executive Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondent, Commonwealth of Pennsylvania.

OPINION BY JUDGE COLINS, May 28, 1986:

Stambaugh's Air Service, Inc. (petitioner) has filed a Petition for Review with this Court challenging the action of the Pennsylvania Department of Transportation (DOT) finding petitioner in default under a number of leases with DOT.[1] Specifically, petitioner alleges that

---

[1] Petitioner also filed an application for a preliminary injunction alleging that DOT intended to confess judgment against the

DOT failed to abide by the terms of a written lease requiring DOT to repair the leasehold, sweep and plow the airplane ramps, and grant credits against rent due for improvements made by petitioner to the leasehold, and also that DOT engaged in this course of action as part of a plan to eliminate petitioner's leasehold. Petitioner responded by suspending its rent payments. DOT subsequently found petitioner in default and demanded payment of the rents due. Petitioner, faced with possible termination of its leasehold interest if found to be in default, filed the instant Petition for Review.

Petitioner requests declaratory and injunctive relief including (1) a mandatory injunction that the roof be repaired, (2) an accounting by an independent auditor of the monies owed, (3) an injunction preventing DOT from taking any action which would result in the impairment of petitioner's rights of possession under the leases, (4) a hearing on the Petition for Review to determine the rights and duties of the parties under the leases, and (5) an injunction preventing DOT from entering into any master plan for the Harrisburg International Airport which does not provide facilities for petitioner. DOT has filed preliminary objections to the Petition for Review asserting that this Court lacks subject matter jurisdiction. The sole question before the Court is whether the Court has jurisdiction over the subject matter of this dispute, or whether such jurisdiction is properly vested in the Pennsylvania Board of Claims.

In *Ezy Parks v. Larson,* 499 Pa. 615, 626, 454 A.2d 928, 934 (1982), our Supreme Court specifically held

---

petitioner and that such confession would cause immediate and irreparable harm to petitioner. On November 8, 1985, the application for a preliminary injunction was denied. A further application for injunctive relief was subsequently filed by petitioner, and a temporary restraining order was entered by the Court. The restraining order was vacated upon a stipulation of the parties.

that the Board of Claims has exclusive jurisdiction to hear and determine all claims against the Commonwealth arising from contracts where the amount in controversy exceeds $300.00 or more. A lease is in the nature of a contract and is controlled by principles of contract law. *Id.*

It is, therefore, clear that we cannot adjudicate on matters arising out of the leases, unless such matters are either collateral to the lease or are an exception to the doctrine expounded in *Ezy Parks.* A request for a mandatory injunction requiring a roof to be repaired in accordance with a lease certainly is a claim arising out of a lease. An accounting of monies owed under a lease must also be determined by the rights created by the contested document. Likewise, a determination of a commercial landlord's duty to repair is inextricably connected with the lease. Thus, the relief requested by petitioner places the matter outside of the scope of our subject matter jurisdiction as dictated by *Ezy Parks.*

Petitioner contends that the allegations contained in the Petition for Review are within an exception to the *Ezy Parks* doctrine:

> Of course, we do not intimate that the legislature can deprive equity of jurisdiction and limit the remedy to only monetary damages in all cases, including those where a fundamental constitutional right for which such damages would be inadequate was irreparably threatened.

*Id.* at 628, 454 A.2d at 935. The petitioner asserts that his fundamental right to not be deprived of property without due process of law has been irreparably threatened by DOT's consideration of a master plan for the Harrisburg International Airport which fails to include Petitioner as a tenant. This is a tortured application of the above language. To have a constitutionally protected property right "a person must have more than

an abstract need or desire for it. He must have more than a unilateral expectation of it. He must instead have a legitimate claim of entitlement to it." *Board of Regents v. Roth,* 408 U.S. 564, 577 (1972). In this case the petitioner has a leasehold interest with a determinable termination date. It has no clear right to remain at the airport beyond that date, and has no protected property interest in any future plans for the airport. To hold otherwise would essentially emasculate the lessor's rights and interest in the leasehold.

Petitioner further posits that the relief asked is collateral to the contract rights and that *Ezy Parks* is therefore not applicable. Specifically, petitioner argues that this is not a claim arising out of contract because "the Commonwealth will not be required to pay any sum nor to perform any act with respect to [petitioner]," *Parker v. Department of Public Welfare,* 49 Pa. Commonwealth Ct. 619, 621, 411 A.2d 897, 898 (1980). In *Parker,* the petitioner asked this Court to declare an "Agreement and Authorization to Pay Claim" invalid. We stated "[r]egardless of whether the Agreement is declared to be valid or invalid, the Commonwealth will not be required to pay any sum nor to perform any act with respect to [petitioner]." *Id.* In the instant case, if we grant the prospective relief asked for by petitioner, we will be forcing the Commonwealth to perform acts with respect to petitioner. Not only would we be ordering the Commonwealth to repair the roof, but by forcing the Commonwealth to plan for the petitioner in a future master plan the Commonwealth would have to perform the act of continually making allowance for petitioner in its future plans even if such were inconvenient or not in the best interest of the airport. Therefore, unlike *Parker,* we are dealing with a "claim against the Commonwealth," and we lack the jurisdiction to adjudicate such matters.

Petitioner's final contention is that DOT has violated Section 5903 of the Aviation Code (Code), 74 Pa. C. S. §5903, and the failure to abide by this legislative mandate vests jurisdiction in the Court. This is an issue of first impression before this Court, to wit, whether Section 5903 of the Code gives petitioner an independent right of action outside of the contractual claim. We conclude that it does not.

Section 5903 provides, as quoted by petitioner:

(a) Powers enumerated—the department is authorized to:

. . . .

(3) Grant leases, licenses, easements and rights-of-way over, under and upon the property, for any period under such terms and conditions and for such rent or other consideration as the department deems proper. With respect to leases or agreements relating to airports, the appropriate department, in negotiations with any person regarding such leases or agreements, shall insure that retention and creation of employment shall be the ultimate result of these negotiations.

However, the above passage as cited by petitioner is somewhat misleading in that the section in its entirety states:

Further, such lease or agreement shall include provisions that require the lessee to adequately maintain access roads, runways and buildings and keep the airport operational. If the lessee fails to abide by the terms of the lease or agreement with regard to the above, the appropriate department, after giving reasonable notice, shall terminate the lease or agreement.

It thus becomes clear that DOT can terminate a lease, regardless of whether it could affect employment, if the

lessee fails to abide by the terms of the lease. Whether Stambaugh's is in default of its lease is at issue. If we find jurisdiction in Section 5903 of the Code, we would be forced to first decide whether the lessee, in this case, Stambaugh's, has failed to abide by the terms of the lease as a condition precedent to deciding whether DOT has violated the provisions of Section 5903 of the Code.

Finding that the instant matter is a contractual dispute between petitioner and respondent, we must sustain the Preliminary Objections filed by DOT. Pursuant to Section 5103 of the Judicial Code, 42 Pa. C. S. §5103, the matter is transferred to the Board of Claims.

ORDER

AND NOW, May 28, 1986, the preliminary objections of the respondent are sustained and the Petition for Review is hereby transferred to the Board of Claims.