534 A.2d 595

Commonwealth of Pennsylvania, Pennsylvania Turnpike Commission, Appellant v. David L. Lichtenstein, Appellee.

Argued October 6, 1987, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*George E. Yokitis,* with him, *Michael J. Reilly* and *Alison G. Rona, Alder, Cohen & Grigsby, P.C.,* and *Kevin F. Longenbach,* for appellant.

*Francis C. Rapp, Jr.,* with him, *Harold Gondelman, Gondelman, Baxter, McVerry, Smith, Yatch & Trimm,* for appellee.

OPINION BY JUDGE COLINS, December 14, 1987:

This is an appeal by permission by the Pennsylvania Turnpike Commission (Commission) challenging the jurisdiction of the Court of Common Pleas of Allegheny County (the Court of Common Pleas) to entertain this contract action initiated against the Commission by David L. Lichtenstein (Lichtenstein). The Commission contends that exclusive jurisdiction over this dispute lies in the Board of Claims (Board).

Lichtenstein served as Chief Legal Counsel to the Commission from January, 1976 to April, 1980 when criminal charges were filed against him by the United States attorney. Consequently, Lichtenstein requested and was granted an unpaid leave of absence. The federal criminal charges were subsequently dismissed in August, 1983. In January, 1984 Lichtenstein notified the Commission of this dismissal and requested reinstatement with back pay and benefits. This request was based upon a purported discussion he had with one or

more commissioners in or about April, 1980, which he alleges resulted in an oral agreement that he would be reinstated with back pay and benefits if the charges against him were resolved in his favor. The Commission, which denied the existence of such an agreement, replaced Lichtenstein during his absence and denied his request for reinstatement and back pay.

On October 31, 1985, Lichtenstein filed a Complaint in Equity seeking specific performance of the alleged oral agreement requiring his reinstatement. The Commission responded to the Complaint with Preliminary Objections, one of which challenged the jurisdiction of the Court of Common Pleas, arguing that contract actions over $300.00 against the Commonwealth were within the exclusive jurisdiction of the Board pursuant to Section 4 of the Act of May 20, 1937.[1]

Argument was heard before the Honorable I. MARTIN WEKSELMAN. In his Opinion and Order dated May 8, 1986, Judge WEKSELMAN denied the Commission's Preliminary Objection to the subject matter jurisdiction of the Court, holding that the Commission is not the Commonwealth for purposes of jurisdiction. This Court subsequently granted the Commission's petition for permission to appeal this interlocutory order.

The Commission avers that in the Fall of 1986 it became aware for the first time of an amendment to its enabling legislation which became effective on October 30, 1985, the day before Lichtenstein filed his Complaint. This amendment, Section 651.7(a)(3) of the Turnpike Organization Extension and Toll Road Conversion Act (the Act), Act of September 30, 1985, P.L. 240, 36 P.S. §651.7(a)(3), provides in pertinent part:

(a) Powers and Duties of Commission.—The Commission is authorized to:

. . .

---

[1] P.L. 728, *as amended*, 72 P.S. §4651-4 (Board of Claims Act).

(3)   Sue and be sued in its own name, plead and be impleaded. Any and all actions at law or in equity against the commission shall be brought only in the court in which such actions may be brought against the Commonwealth.

The Commission contends that this amendment was enacted for purposes of making the Commission synonymous with the Commonwealth for purposes of jurisdiction. In opposition, Lichtenstein argues that this amendment was enacted purely for venue purposes.[2] We adopt the position of the Commission and conclude that the Commission is synonymous with the Commonwealth for purposes of jurisdiction.

Resolution of the matter *sub judice* will be aided by an historical examination of the Commission's status. The Commission is an instrumentality of the Commonwealth and performs essential government functions of the Commonwealth, Section 652d of the Act, 36 P.S. §652d.

In the case of *Pennsylvania Turnpike Commission v. Sanders & Thomas*, 461 Pa. 420, 336 A.2d 609 (1975), the Pennsylvania Supreme Court held that the Commission is to be considered synonymous with the Commonwealth for jurisdictional purposes. The Court in *Sanders & Thomas* addressed the issue of whether a dispute resolution clause requiring arbitration contained in a contract between the Commission and its

---

[2] The *sole* difference between the Commonwealth and other entities for venue purposes is that the Commonwealth cannot be sued "in a county where it regularly conducts business," unless it maintains a local office in that county. We refuse to conclude that the amendment was enacted for the sole purpose of limiting the venue of actions against the Commission to counties where venue would lie against the Commonwealth. Such an interpretation of the statute defies logic, as this Court is hard-pressed to imagine a situation where such a restriction would make practical sense.

contractors, Sanders & Thomas, Inc., was enforceable or whether an action subject to the arbitration clause must be brought before the Board. The Court noted that the Board has jurisdiction over claims against the Commonwealth and its instrumentalities if the amount in controversy exceeds $300.00. The Court went on to create a limited exception to the Board's jurisdiction where the contracting parties have provided for arbitration as a means of dispute resolution. Finally, the Court pointed out that in the absence of an arbitration clause in the contract, the Board of Claims would be the proper forum in which to bring a claim for relief.

However, the appropriate forum for the commencement of an action, such as the instant one, was still debatable following this Court's decision in *Philips B.E.C., Inc. v. Pennsylvania Turnpike Commission*, 77 Pa. Commonwealth Ct. 26, 29, 465 A.2d 60, 61 (1983), wherein a three-judge panel held that Commonwealth court did not have original jurisdiction over claims brought against the Commission "because it is not part of the Commonwealth government," but had appellate jurisdiction to review decisions of the Commission which is an independent Commonwealth agency.

Whether or not the above-quoted language would mandate that the instant matter be brought in an appropriate court of common pleas was certainly mooted by the General Assembly's amendment of the Act subsequent to our decision in *Philips*. The legislature, pursuant to its constitutional power, designated the Board of Claims as the sole forum for these matters.

Because the Act, as amended, and Pennsylvania case law clearly indicate a legislative intent to make the Commission synonymous with the Commonwealth for jurisdictional purposes, actions in contract against the Commission must be brought before the Board. The Board has exclusive jurisdiction to resolve contract disputes between the Commonwealth, including its in-

strumentalities, and parties with whom the Commonwealth contracts.[3] Section 4 of the Board of Claims Act, 72 P.S. §4651-4, provides in pertinent part:

> The Board of Claims shall have exclusive jurisdiction to hear and determine all claims against the Commonwealth arising from contracts hereafter entered into with the Commonwealth, where the amount in controversy amounts to $300.00 or more. . . .

This Court has consistently held that claims arising out of a contract with the Commonwealth are within the exclusive jurisdiction of the Board if the amount in controversy is equal to or in excess of $300.00. *Ezy Parks, Inc. v. Larson,* 64 Pa. Commonwealth Ct. 164, 439 A.2d 885 (1982); *Stambaugh's Air Service, Inc. v. Larson,* 97 Pa. Commonwealth Ct. 474, 509 A.2d 1377 (1986), *aff'd per curiam,* 514 Pa. 376, 524 A.2d 491 (1987).

Based upon our conclusions that the Commission is to be considered synonymous with the Commonwealth for purposes of jurisdiction and that the Board has exclusive jurisdiction over this action, we must reverse the Court of Common Pleas, sustain the Preliminary Objection to subject matter jurisdiction and transfer this action to the Board, pursuant to Section 5103 of the Judicial Code, 42 Pa. C. S. §5103.

## ORDER

AND NOW, this 14th day of December, 1987, that portion of the order of the Court of Common Pleas of Allegheny County denying Appellant's Preliminary Objection as to subject matter jurisdiction is reversed and this action is hereby transferred to the Board of Claims pursuant to Section 5103 of the Judicial Code, 42 Pa. C. S. §5103.

---

[3] As used in the Judicial Code, "court" may include quasi-judicial bodies such as the Board.