IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sarah O'Layer McCready,                    :
                                           :
                    Appellant              :
                                           :
          v.                               : No. 1762 C.D. 2016
                                           : Argued:  April 4, 2017
                                           :
Pennsylvania Turnpike Commission           :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                            FILED:  April 26, 2017


          Sarah O'Layer McCready appeals the order of the Lawrence County
Court of Common Pleas (trial court) denying her motion for summary judgment;
granting the motion for summary judgment of the Pennsylvania Turnpike
Commission (Commission); and dismissing her complaint to quiet title.  We vacate
and remand.

          In May 1978, McCready and her husband were conveyed title to a
parcel of property in New Beaver Borough, Beaver County.  In November 1983,
McCready became the sole owner upon the death of her husband.  On March 2,
1990, McCready conveyed title to a portion of the property to the Commission[1] by

---

[1] The Commission's authority to obtain title to McCready's real property was found in the former Section 7(a)(6) of the Turnpike Organization, Extension and Toll Road Conversion Act (Turnpike Act), Act of September 30, 1985, P.L. 240, 36 P.S. §651.7, repealed and replaced by 74 Pa. C.S. §8107(a)(6), which states, in pertinent part, that "[t]he commission may . . . [a]cquire, hold, accept, own, use, hire, lease, exchange, operate and dispose of . . . real property
**(Footnote continued on next page…)**

deed in lieu of condemnation for the construction of an extension of Highway 376, known as the "Beaver Valley Expressway." In relevant part, the deed states that McCready conveyed the following to the Commission:

> Together with all and singular the improvements, ways, streets, alleys, roads, lanes, passages, (public or private), waters, water-courses, rights, liberties, privileges, hereditaments and appurtenances, whatsoever unto the hereby granted premises belonging or in anywise appertaining thereto and the reversions and remainders, rents, issues, and profits thereof ***and all the estate, right, title, interests, property, claim and demand whatsoever***

---

**(continued…)**

and interests in real property and make and enter into all contracts and agreements necessary or incidental to the performance of its duties and the execution of its powers under this chapter . . . ." In turn, at the time of the conveyance in this case, the Commission's authority to condemn and purchase property was found in the former Section 9(a) and (b) of the Turnpike Act, 36 P.S. §651.9(a), (b), repealed and replaced by 74 Pa. C.S. §8109(a), (b)(1), which states, in relevant part:

> **(a) Condemnation.**—The commission may condemn, pursuant to 26 Pa. C.S. (relating to eminent domain), any lands, interests in lands, property rights, rights-of-way, franchises, easements and other property deemed necessary or convenient for the construction and efficient operation of the turnpikes and the toll road conversions . . . .
>
> **(b) Purchase.**—
>
> (1) The commission may acquire by purchase, whenever it shall deem the purchase expedient, . . . any lands, interests in lands, property rights, rights-of-way, franchises, easements and other property deemed necessary or convenient for the construction and efficient operation of the turnpikes and toll road conversions . . . upon terms and at a price as may be considered by the commission to be reasonable and can be agreed upon between the commission and the owner thereof and to take title thereto in the name of the commission.

*of [McCready], as well at law as in equity, of, in and to the same.*

Reproduced Record (R.R.) at 13a (emphasis added).

In February 2012, McCready filed a complaint in the trial court to quiet title to the mineral estate in the land conveyed to the Commission in 1990. McCready alleged that although the deed conveying title to the Commission did not expressly reserve any mineral interest, she believed that it would only convey an interest in the surface rights to the Commission. R.R. at 6a-7a. She asserted that the land was conveyed in anticipation of condemnation by the Commission and that the Commission was not required to own the mineral rights "in order to 'perform its duties' or 'execute its powers' with regard to the 'construction, operation, or maintenance of the turnpike.'" *Id.* at 7a. She claimed that she did not intend to transfer any greater interest in the property than the Commission "was authorized to acquire or would have otherwise been entitled to take by eminent domain," and that the consideration paid by the Commission, $50,000.00, only reflected the value of the surface rights in the property and did not adequately compensate her for value of the minerals below the surface *Id.* at 7a-8a.

As a result, McCready asked the trial court to: (1) create separate interest in the minerals below the surface of the property; (2) declare that she is the owner of all of the minerals below the surface of the property; (3) declare that the deed is reformed; (4) direct the Commission to execute a deed conveying all interest in the minerals below the surface of the property; (5) direct the Lawrence County Recorder of Deeds to accept for recording a copy of the court's order; and (6) such other relief as the court deemed proper. R.R. at 9a.

The Commission filed an answer to the complaint denying, *inter alia*, that McCready believed that the deed only conveyed an interest in the surface

3

rights of the property; that the acquisition of mineral rights is not necessary to perform its duties with respect "to the 'construction, operation or maintenance of the turnpike;'" and that the consideration paid reflected only the value of the surface rights and not the mineral rights in the property. R.R. at 18a-19a.

In 2014, McCready and the Commission filed cross-motions for summary judgment. The Commission asserted that the deed conveying the property is an unambiguous written document that speaks for itself and that it is irrelevant what McCready believed at the time that she executed the deed and that she has no interest in the property. *See* R.R. at 26a-27a. McCready argued that the Commission lacked the authority to acquire a fee simple interest in the property, including the mineral rights, through its eminent domain powers so that the deed in lieu of condemnation conveying such an interest is a nullity. *See id.* at 44a-47a.

Following oral argument on the cross-motions, the trial court ordered an evidentiary hearing to determine whether the Commission's acquisition of the property in fee simple was excessive. R.R. at 106a-107a. At the hearing,[2] McCready presented August Arnold, a former construction engineer for the Pennsylvania Department of Transportation, who testified that the Commission did not need to own or control the mineral formations under the surface to construct, maintain, or operate a highway over the property. *Id.* at 163a-165a. He also stated that in 1990, at the time of conveyance, technology only permitted vertical drilling for oil and gas and not horizontal. *Id.* at 170a-172a, 174a.

McCready also presented Dan Billman, a consulting geologist, who testified that he was not aware of drilling beneath a highway prior to 2004. R.R. at

---

[2] Prior to the evidentiary hearing, the judge recused himself and was replaced by another judge of the trial court.

4

197a-198a. He stated that the owner of a surface estate does not have any reasonable need to own or control the mineral formations below 1,000 feet to protect vertical or lateral support for the surface and that fracking, or hydraulic fracturing, does not cause any measurable geological impact on the surface of the land. *Id.* at 206a-207a.

The Commission presented Samuel Lobins, district manager for the Department of Environmental Protection's oil and gas program, who testified that in 1990, the one permit application for a vertical well in Lawrence County was granted. R.R. at 229a, 231a. He stated that he was not aware of a permit being issued for a wellhead within the turnpike's right-of-way and raised safety as a concern. *Id.* at 232a.

The Commission also presented Kenneth Heirendt, the Commission's manager for geotechnical engineering, who testified that it was necessary for the Commission to obtain a fee simple interest in the property to have full control to build, maintain, and operate the turnpike and to prevent others from impeding its safe physical operation. R.R. 243a-244a. He opined that the Commission needs to have full control of the property to prevent other owners of subsurface interests from coming onto the surface for extraction or production of oil and gas. *Id.* at 247a. He stated that due to the technological changes since 2004, while the Commission still needs to control the surface, it is no longer efficient to purchase the subsurface rights, but that it is necessary to have an agreement restricting the surface activities. *Id.* at 249a.

On September 20, 2016, the trial court issued an opinion and order disposing of the cross-motions for summary judgment. The trial court rejected

McCready's assertion that the deed is ambiguous with respect to the conveyance of mineral rights, stating:

> [H]ere, the deed is not ambiguous because the words used in the deed clearly convey a fee simple interest without reservation. The language of the deed is not susceptible to varying interpretations or different constructions. The fact that the deed was given in lieu of condemnation does not create an ambiguity because that language merely explains the purpose of the deed but is not language that limits the extent of the estate conveyed. The words in the deed '. . . all the estate, right, title, interests, property, claim and demand whatsoever of the Grantor's . . .' mean exactly what is stated: all interests, which therefore include the mineral and subsurface interests. Any evidence of contrary intent, even evidence that the consideration was only sufficient to equal the value of the surface rights, would clearly be contrary to the language of the deed. Where the deed is clear and unambiguous, testimony or evidence pertaining to purchase money for the property is irrelevant, immaterial and inadmissible to contradict the language of the deed.

R.R. at 341a (citations omitted).

The trial court also rejected McCready's claim that the Commission's acquisition of a fee simple interest was beyond its authority, stating:

> As noted by both parties, the owner of the mineral rights does have the right of access on the surface to the minerals, including gas and oil, that lie beneath the surface. McCready would assert that the [Commission] can rely upon its ability to object to any application that would seek to place a drilling operation upon the roadway. However, the only guarantee is that the [Commission] would have the ability to have notice of that application and the ability to object. There is no decisional law or statutory law that would clearly prevent the owner of the mineral estate from having the ability to interrupt Turnpike operations [] to access the gas and oil deposits. Even under present circumstances, testimony

6

was presented that where the [Commission] acquires only surface rights, it enters into corollary agreements with the owner of the mineral estate to limit the right of that owner to access those minerals through surface area owned by the [Commission]. Here, if the relief requested by McCready were granted, no such agreement between her and the [Commission] would be in place, and the [Commission] would have no such absolute protection. Thus, the Court concludes that even under present day considerations, it can be considered necessary and convenient for the [Commission] to seek ownership in fee simple, although the acquisition of the mineral estate could affect the value of the property in question and relate to the issue of just compensation for the taking.

R.R. at 348a-349a (citation omitted).

Based on the foregoing, the trial court concluded "that the deed in lieu of condemnation dated March 2, 1990, from McCready and her late husband to the [Commission] conveyed a fee simple interest in the [property] to the [Commission], and taking title to the [property] in fee simple was a proper exercise of discretion by the [Commission] . . . ." R.R. at 354a. Accordingly, the trial court issued the instant order denying McCready's motion for summary judgment; granting the Commission's motion for summary judgment; and dismissing McCready's complaint.

In this appeal, McCready argues that the trial court erred in finding that the Commission's taking of McCready's property was not excessive; erred in determining at the summary judgment stage that the taking was necessary and convenient because this question of material fact must be resolved in her favor as the non-moving party; and erred in finding that the Commission's condemnation was not done through fraud, bad faith, or an abuse of discretion.

7

However, the trial court was without jurisdiction to dispose of the instant action to quiet title.[3]  Section 1207 of the Administrative Code of 1929 (Administrative Code),[4] states that "[t]he Board of Property [(Board)][5] shall . . . have jurisdiction to hear and determine cases involving the title to land or interest therein brought by persons who claim an interest in the title to lands occupied or claimed by the Commonwealth."[6]  "[Section 1207] vests in the [Board] exclusive

---

[3] As the Pennsylvania Supreme Court has explained:

> Jurisdiction over the subject matter is conferred solely by the Constitution and laws of the Commonwealth.  The test for whether a court has subject matter jurisdiction inquires into the competency of the court to determine controversies of the general class to which the case presented for consideration belongs.  Thus, as a pure question of law, the standard of review in determining whether a court has subject matter jurisdiction is *de novo* and the scope of review is plenary.  Whether a court has subject matter jurisdiction over an action is a fundamental issue of law which may be raised at any time in the course of the proceedings, including by a reviewing court *sua sponte*.

*Mazur v. Trinity Area School District*, 961 A.2d 96, 101 (Pa. 2008) (citation omitted).

[4] Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §337.

[5] The Board is a departmental administrative board of the Department of Community and Economic Development.  Sections 202 and 901 of the Administrative Code, 71 P.S. §§62, 1709.901.

[6] The Commission is the "Commonwealth" for purposes of the jurisdiction of the Board.  Section 8107(a)(3) of the Turnpike Act states that "[t]he commission may . . . [s]ue and be sued in its own name, plead and be impleaded.  Any civil action against the commission shall be brought only in the courts in which actions may be brought against the Commonwealth." 74 Pa. C.S. §8107(a)(3).  As this Court has explained:

> Because the [Turnpike] Act, as amended, and Pennsylvania case law clearly indicate a legislative intent to make the Commission synonymous with the Commonwealth for jurisdictional purposes,

**(Footnote continued on next page…)**

8

jurisdiction to determine the title to real estate or to remove a cloud on title to such real estate where private property owners and the Commonwealth claim an interest in the same real estate." *Delaware Avenue, LLC v. Department of Conservation and Natural Resources*, 997 A.2d 1231, 1232 n.1 (Pa. Cmwlth. 2010) (citations omitted). Thus, the Board has exclusive jurisdiction to decide the ownership of title to the mineral estate in a quiet title action where the Commonwealth has asserted an ownership interest. *International Development Corporation v. Davidge*, 26 A.3d 1234, 1238-39 (Pa. Cmwlth. 2011); *Kister v. Pennsylvania Fish Commission*, 465 A.2d 1333, 1334-35 (Pa. Cmwlth. 1983).[7] *See also Mase v. Commonwealth*, 407 A.2d 1368, 1369-70 (Pa. Cmwlth. 1979) (the Board had exclusive jurisdiction in a declaratory judgment action regarding the right to extract coal from Commonwealth land). Nevertheless, the trial court may transfer

---

**(continued…)**

> actions in contract against the Commission must be brought before the Board [of Claims]. The Board [of Claims] has exclusive jurisdiction to resolve contract disputes between the Commonwealth, including its instrumentalities, and parties with whom the Commonwealth contracts.

*Pennsylvania Turnpike Commission v. Lichtenstein*, 534 A.2d 595, 597 (Pa. Cmwlth. 1987) (footnote omitted). Likewise, because the Board of Property has exclusive jurisdiction to resolve disputes as to title or an interest in land brought by parties who claim an interest in the title to lands occupied or claimed by the Commonwealth under Section 1207 of the Administrative Code, the Board of Property has exclusive jurisdiction in this case.

[7] The fact that the Commonwealth acquired its interest in the property through condemnation does not affect the Board's exclusive jurisdiction in this regard. *See, e.g., McCullough v. Department of Transportation*, 541 A.2d 430, 431 (Pa. Cmwlth. 1988); *Miller v. Board of Property*, 533 A.2d 819, 820 (Pa. Cmwlth. 1987); *Kister*, 465 A.2d at 1334-35.

9

the matter to the Board pursuant to Section 5103(a) of the Judicial Code.[8]  As a result, this matter will be remanded to the trial court with the direction to transfer the record to the Board.  *International Development Corporation*, 26 A.3d at 1239; *Pennsylvania Turnpike Commission v. Lichtenstein*, 534 A.2d 595, 597-98 (Pa. Cmwlth. 1987).

Accordingly, the trial court's order is vacated and the matter is remanded to the trial court to transfer the record in this matter to the Board for disposition.

MICHAEL H. WOJCIK, Judge

---

[8] 42 Pa. C.S. §5103(a).  Section 5103(a) states, in relevant part:

> **(a) General rule.**—If an appeal or other matter is taken to or brought in a court . . . of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court . . . shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court . . . of this Commonwealth.

In turn, Section 5103(d) of the Judicial Code states that "[a]s used in this section 'tribunal' means . . . the Board of Property . . . ."  42 Pa. C.S. §5103(d).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sarah O'Layer McCready,       :
                                      :

               Appellant       :
                                        :

           v.              : No. 1762 C.D. 2016
                                        :

                                        :

Pennsylvania Turnpike Commission   :

O R D E R

AND NOW, this 26<u>th</u> day of <u>April</u>, 2017, the order of the Lawrence County Court of Common Pleas dated September 20, 2016, at No. 2012-70025 is VACATED and the matter is REMANDED to that court to TRANSFER the record in this matter to the Board of Property for disposition pursuant to Section 5103(a) of the Judicial Code, 42 Pa. C.S. §5103(a).

Jurisdiction is RELINQUISHED.

_____
MICHAEL H. WOJCIK, Judge