In Re: Delinquent Tax Sale Etc. Bertin Realty Company, Appellant.

Argued March 16, 1984, before Judges CRAIG, BARRY and PALLADINO, sitting as a panel of three.

*Perry C. Perino,* with him, *Joseph V. Bullano,* for appellant.

*John W. Hodge,* County Solicitor, for appellee.

OPINION BY JUDGE BARRY, June 28, 1984:

This appeal results from an order of the Court of Common Pleas of Lawrence County which denied a petition to approve a compromise of delinquent taxes, penalties, interests and costs filed by appellant, Bertin Realty Company (Bertin).

In January of 1982, Robert A. Frank submitted a bid of $300,000.00 in the United States Bankruptcy Court for the Western District of Pennsylvania for the purchase of real estate owned by the former Johnson Bronze Company. The premises, located in New Castle, Lawrence County, included a building which had been vacant for over one year containing 650,000 square feet of industrial and office space. As Mr. Frank's bid was the highest of all those submitted,

the bankruptcy court approved the sale, with Mr. Frank taking the property subject to any and all municipal liens entered against the property. At the time the property was conveyed by a duly recorded deed to Bertin Realty Company, a partnership consisting of Mr. Frank and Bernard W. D'Ambrosi, the taxes levied and assessed against the property for the years 1980, 1981 and 1982, including interest and penalties, exceeded $450,000.00. Because of these delinquencies, the Lawrence County Tax Claim Bureau, appellee herein, scheduled a tax sale for September 13, 1982. Before the scheduled date for the sale, Bertin and the taxing districts, i.e., the City of New Castle (City), the County of Lawrence and New Castle Area School District (School District), filed a petition to stay the sale which the court of common pleas granted on September 10. The court granted a stay for ninety days and ordered the appellee to reschedule the sale for December 9, 1982.

In early November, Bertin delivered a written proposal to each of the taxing districts, offering to pay all delinquent taxes, plus penalties and interest, in forty quarterly payments, commencing in January, 1983. Bertin also promised to pay all current and future taxes as they became due. Both the City and the School District accepted the proposal of compromise; the Lawrence County Commissioners, however, refused to go along with the proposal.

On November 29, 1982, Bertin, with the joinder of the School District and the City, filed a petition to approve the compromise in the court of common pleas pursuant to the Act of November 23, 1938, Sp. Sess., P.L. 90, 72 P.S. §5551 (Compromise Act). The trial court, however, denied the petition, holding that provisions of the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, 72 P.S. §§5860.101-5860.803 (Tax

Sale Act of 1947), had impliedly repealed the 1938 act, as the earlier act's provisions were irreconcilable with and repugnant to vital provisions of the subsequent legislation. Specifically the Tax Sale Act of 1947 provides:

> Any owner or lien creditor of the owner may, at the option of the bureau, prior to the date of any first scheduled sale, enter into an agreement, in writing, with the bureau to stay the sale of the property upon the payment of twenty-five per centum (25%) of the amount due on all tax claims and tax judgments filed or entered against such property and the interest on the taxes returned to date, as provided by this act, and agreeing therein to pay the balance of said claims and judgments and the interest thereon in not more than three (3) instalments (the last instalment to include all costs due), all within one (1) year of the date of said agreement, the agreement to specify the dates on or before which each instalment shall be paid, and the amount of each instalment and the costs. (Footnote omitted.)

72 P.S. §5860.603. The court, therefore, denied the petition and directed the appellee to proceed with the December 9 tax sale. This appeal followed.[1]

Section 1971 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1971, provides:

> (a) Whenever a statute purports to be a revision of all statutes upon a particular subject, or sets up a general or exclusive system covering the entire subject matter of a former statute and is intended as a substitute for such

---

[1] On December 8, 1982, this Court granted Bertin's petition for supersedeas and ordered the tax sale to be stayed pending our disposition of this appeal.

former statute, such statute shall be construed to supply and therefore to repeal all former statutes upon the same subject.

(b) Whenever a general statute purports to establish a uniform and mandatory system covering a class of subjects, such statute shall be construed to supply and therefore to repeal pre-existing local or special statutes on the same class of subjects.

(c) In all other cases, a later statute shall not be construed to supply or repeal an earlier statute unless the two statutes are irreconcilable.

In *Cedarbrook Realty, Inc. v. Nahill,* 484 Pa. 441, 399 A.2d 374 (1979), the court held that the Tax Sale Act of 1947 did not fit into the categories designated in subsections (a) or (b) quoted above. In order to affirm the order of the trial court, we must, therefore, find that provisions of the Tax Sale Act of 1947 are irreconcilable with provisions of the Compromise Act, thereby compelling a conclusion that those provisions of the former have impliedly repealed those irreconcilable provisions.

The Compromise Act provides:

Whenever taxes levied by any political subdivision upon real property have become delinquent and have been returned to the county commissioners, or have been entered as liens in the office of the prothonotary of any county in the Commonwealth, *and such delinquent taxes and the penalties, interest and costs due thereon exceed, in the opinion of the tax levying authorities, the net amount which could be realized at a tax sale of such real property upon which the taxes have been levied, and, in the opinion of said authorities, is more than could be real-*

*ized by enforced collection against the owner of such property,* it shall be lawful for the tax levying authorities, or any of them, if the court of common pleas of the county, in which such real property is situated, shall first have consented thereto, to accept in compromise of such delinquent taxes, penalties, interest and costs any sum less than the whole amount due, and to enter satisfaction of all such taxes on the record. (Emphasis added.)

72 P.S. §5551.

Bertin argues that the trial court erred in holding that an irreconcilable conflict exists between the various provisions of the Compromise Act and the Tax Sale Act of 1947, since the latter contains no provision calling for court approval of a compromise proposal to collect delinquent taxes. Bertin argues such differences in collection procedures do not constitute an irreconcilable conflict between the two acts. For the reasons that follow, we agree with the argument of Bertin.

It has long been settled that implied repeals are not favored by the law. *McNair v. Allegheny County,* 328 Pa. 3, 195 A. 119 (1937). As the court stated in *Pennsylvania Turnpike Commission v. Sanders & Thomas, Inc.,* 461 Pa. 420, 429, 336 A.2d 609, 614 (1975), "There is nothing inherently inconsistent in the existence of two distinct statutory procedures for the resolution of the same disputes even though the result may be a lack of symmetry in the area." In *Jenner Township Annexation Case,* 423 Pa. 609, 225 A.2d 247 (1967), the court demonstrated the lengths to which it could go to avoid an implied repeal. The court was reviewing two separate statutes providing for annexation by a borough of adjacent territories. The two statutes differed on, *inter alia,* the scope of appellate re-

view, and which party, *i.e.*, the annexor or the annexee, has the burden of financing any appeal. Not only did the court hold that the latter act did not impliedly repeal those inconsistent and irreconcilable provisions contained in the earlier act; the court held the two statutes did not have to be read in pari materia, thereby reaching the seemingly incredible result that either of the statutes, and the differing procedures contained therein, could be used in annexation proceedings.[2]

The annexation proceedings of *Millersville Annexation Case,* 447 Pa. 310, 290 A.2d 102 (1972), presented the question of whether a tenancy by the entireties constituted one or two freeholds, where two statutes dealing with annexation gave different answers to the question. This Court held that the two statutes had to be read in pari materia and, using established rules of statutory construction, compelled the answer that a tenancy by the entireties constituted one freehold. *Millersville Annexation Case,* 2 Pa. Commonwealth Ct. 587, 279 A.2d 349 (1971). On appeal to the Supreme Court, the township argued this Court had erred in reading the two statutes in pari materia, citing *Jenner Township.* The Supreme Court affirmed, explaining:

Reliance on *Jenner Township* is misplaced. That case was limited to a decision that this court should refuse to attempt to consolidate the *procedures* set forth in the two statutes into a single annexation *procedure.* Here we are not reading the two statutes in pari materia *procedurally.* Rather, following the precepts of the Statutory Construction Act that the legislature is to be presumed rational, *i.e.,* not intending

---

[2] *See,* however, the Dissenting Opinion of Justice (later Chief Justice) BENJAMIN R. JONES. *Jenner* at 614, 225 A.2d at 249.

unreasonable results, we are making a *substantive* determination that the legislature had to intend that "freeholders" must be defined in the same way under both statutes. (Emphasis in original.) (Footnote omitted.)

*Millersville* at 318, 290 A.2d at 105-06

Both the Compromise Act and the Tax Sale Act of 1947 deal with the same subject matter, *i.e.,* the collection of delinquent tax bills. Although the two acts follow different procedures to attain that goal, *Millersville* and *Jenner Township* show that mere differences in procedure do not compel the conclusion that a later act has impliedly repealed an earlier act containing procedural differences. As the court stated in *Jenner Township*:

> We are not unaware of the problems presented by current annexation procedures. They are confusing; they overlap; and they reflect little or no attention to the overriding public interest of the Commonwealth as a whole. However, these defects are a matter solely for legislative correction; and while we may sorely wish that order would come out of this chaos, we cannot decree it.

423 Pa. at 614, 225 A.2d at 249.

It is important to note that Section 603 of the Tax Sale Act of 1947 allows the respective tax claim bureaus to enter into agreements to collect delinquent taxes as long as the *total bill due* is paid within one year in no more than four installments. On the other hand, the Compromise Act does not come into operation until the amount owed exceeds either the amount which could be realized at the tax sale or the amount which could be obtained by enforced collection against the owner of the property. In essence, Section 603 of the Tax Sale Act of 1947, which the trial court held

impliedly repealed the Compromise Act, does not even deal with compromises, as the total bill for delinquent taxes must be paid when utilizing that section.[3] The Compromise Act allows the taxing authorities, with court approval, to accept less than the total bill due in full satisfaction of the debt.

In this case, the trial court did not decide the factual question of whether a sale would net less than the delinquent tax bill, thus allowing the Compromise Act to be applied, since the court believed that the Compromise Act had been impliedly repealed. For the reasons already stated, we believe the court erred in reaching that decision. We, therefore, reverse and remand.

ORDER

AND Now, June 28, 1984, the order of the Court of Common Pleas of Lawrence County, dated December 6, 1982, at No. 120A of 1982, MD., is reversed and the matter is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.

---

[3] The Tax Sale Act of 1947 does provide for sales of property with court approval for less than the total taxes owed where the upset price is not bid at public sale. 72 P.S. §5860.613.