CITY OF ALLENTOWN

v.

Richard J. KAUTH, Lourdes Kauth

v.

Wachovia Bank, N.A., Domestic Relations of County of Lehigh, Allentown School District

Appeal of: County of Lehigh.

City of Allentown

v.

George Haaf, II

v.

County of Lehigh, Allentown School District, Neffs National Bank, East Penn Bank, New Tripoli National Bank, Flora Jane Dienst a/k/a Warner, Lloyd L. Roberts, Arthur J. Masters

Appeal of: County of Lehigh.

Commonwealth Court of Pennsylvania.

Argued April 5, 2005.
Decided May 12, 2005.

Steven B. Loux, Allentown, for appellant, County of Lehigh.

Benjamin G. Lipman, Wynnewood, for appellees.

BEFORE: SIMPSON, J., and LEAVITT, J., and JIULIANTE, Senior Judge.

OPINION BY Judge LEAVITT.

The County of Lehigh (County) appeals from two orders entered by the Court of Common Pleas of Lehigh County (trial court) on August 23, 2004, permitting the City of Allentown (City) to proceed with judicial sales of two properties pursuant to the Municipal Claims and Tax Liens Act

(MCTLA).[1] At issue is whether the properties can be sold "free and clear" of liens for taxes levied by the County, or whether divestiture of such liens is precluded by the Real Estate Tax Sale Law (RETSL).[2]

The facts in this case are not in dispute. The City commenced two separate actions under the MCTLA to collect delinquent real estate taxes and utility charges against properties owned by Richard and Lourdes Kauth and George D. Haaf, II. In both cases, the City obtained default judgments and filed writs of execution to expose the properties for upset sale on April 25, 2003. There were no third-party bidders on the Kauth property; the sole bidder on the Haaf property subsequently defaulted. At the City's request, the upset sales were vacated on September 3, 2003.

■ Thereafter, the City petitioned for a rule to show cause why the properties should not be sold free and clear of all tax and municipal claims, liens, mortgages, charges and estates. Section 31 of the MCTLA, 53 P.S. § 7281. The County filed an answer denying all of the factual averments in the City's petition, and the parties agreed that the threshold issue before the trial court was whether the City's proposed judicial sales pursuant to the MCTLA would divest the properties of taxes owed to the County and the Allentown School District, if the proceeds of the sales were insufficient to satisfy those taxes.[3] The County argued that by virtue of the RETSL its tax liens could not be di-

vested. The trial court, with the agreement of the parties, treated the County's response as a preliminary objection. On May 5, 2004, the trial court denied the County's objections and scheduled hearings on the City's petitions. The trial court entered final orders on August 23, 2004, exposing the properties to judicial sales on September 24, 2004. The County's appeals from those orders have been consolidated for our review.[4]

The County argues that the trial court erred by allowing the City to proceed under the MCTLA with judicial sales of the properties free and clear of all liens, including the County's tax liens. The County contends that, by virtue of Section 312 of the RETSL, 72 P.S. § 5860.312, it may not be divested of its tax liens by a judicial sale conducted under authority of the MCTLA. It contends that the RETSL governs to the extent it conflicts with provisions in the MCTLA.

The MCTLA was enacted in 1923 and governs, *inter alia*, the methods for levying and preserving municipal tax liens and the effect of judicial sales on liened property. In pertinent part, the MCTLA provides that all taxes imposed on real property by municipalities[5] are a first lien on such property, subordinate only to tax liens imposed by the Commonwealth. Sections 1 and 2 of the MCTLA, 53 P.S. §§ 7102, 7103. Such liens are divested when the bid price at an upset sale is equal

---

1. Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§ 7101–7505.

2. Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101–5860.803.

3. The Allentown School District is not a party in this appeal.

4. Our scope of review in tax sale cases is limited to determining whether the trial court abused its discretion, rendered a decision which lacked supporting evidence or clearly

erred as a matter of law. *Bell v. Berks County Tax Claim Bureau*, 832 A.2d 587, 590 (Pa. Cmwlth.2003).

5. The term "municipality," as used in the MCTLA, "means any county, city, borough, incorporated town, township, school district, or a body politic and corporate created as a Municipal Authority pursuant to law and any assignees thereof." 53 P.S. § 7101.

to or in excess of the upset price. Sections 1 and 29 of the MCTLA, 53 P.S. §§ 7104, 7279. If the upset price is not achieved, as in the case *sub judice*, the taxing authority may petition a court to issue to all interested parties a rule to show cause why the property should not "be sold, freed, and cleared of their respective claims, mortgages, charges, and estates." Section 31 of the MCTLA, 53 P.S. § 7281.[6] Once the court is satisfied that the facts in the petition are true and that all interested parties have received proper notice, "it *shall* order and decree that said property be sold at a subsequent sheriff's sale day, to be fixed by the court without further advertisement." *Id.* (emphasis added). Section 31 further provides that

> [a]ll property at sheriff's sale *shall* be sold, *clear of all claims, liens, mortgages, charges, and estates,* to the highest bidder at such sale; and the proceeds realized therefrom shall be distributed in accordance with the priority of such claims; and the purchaser at such sale *shall* take, and forever thereafter have, an absolute title to the property sold, *free, and discharged of all tax and municipal claims, liens, mortgages, charges, and estates of whatsoever kind,* subject only to the right of redemption as provided by law.

53 P.S. § 7281 (emphasis added). Thus, as the emphasized language makes clear, a judicial sale under the MCTLA divests all liens levied against the affected property without exception. There is no authority in the MCTLA for a court to exempt certain claims or taxes from the sweep of the mandate that property sold at a judicial sale is sold "free, and discharged of all tax and municipal claims, liens, mortgages, charges, and estates of whatsoever kind." *Id.*

The County contends that by virtue of the RETSL its tax liens cannot be divested by a judicial sale under the MCTLA. It notes that the RETSL was enacted in 1947 and is similar to the MCTLA with respect to its overall purpose, *i.e.*, the collection of delinquent taxes. The RETSL creates tax claim bureaus in each county, other than counties of the first and second class, and affords "taxing districts"[7] the opportunity to return delinquent taxes to the bureaus for collection. Sections 102, 201–204 of the RETSL; 72 P.S. §§ 5860.102, 5860.201–204. Like the MCTLA, the RETSL establishes that all taxes levied on property by a taxing district are considered a first lien on the property. Section 301 of the RETSL, 72 P.S. § 5860.301.

The RETSL's mechanisms for upset and judicial sales are virtually identical to those in the MCTLA. A taxing district must first attempt to sell delinquent property at an upset sale and, if the upset price is not bid, petition the court for a rule to

---

**6.** The taxing authority must file a petition "setting forth that more than one year has elapsed since the filing of his claim; that he has exposed the property to sheriff's sale thereunder, and was unable to obtain a bid sufficient to pay the upset price in full; and, . . . [produce] searches or a title insurance policy showing the state of the record and the ownership of the property, and of all tax and municipal claims, mortgages, ground-rents, or other charges on or estates in the land." 53 P.S. § 7281.

**7.** A "taxing district" is defined as "any county, city, borough, incorporated town, township, home rule municipality, optional plan municipality, optional charter municipality, school district, institution district or any similar general purpose unit of government which may be created or authorized by statute except counties of the first and second class and cities, boroughs, incorporated towns, townships, home rule municipalities, optional plan municipalities, optional charter municipalities, school districts or institution districts therein and cities of the second class A and school districts therein." 72 P.S. § 5860.102.

show cause why the property should not be exposed to judicial sale. 72 P.S. §§ 5860.605, 5860.610. The requirements for the petition are, for all intents and purposes, identical to those in the MCTLA. Section 610 of the RETSL, 72 P.S. § 5860.610. Once the court is satisfied that service has been made upon interested parties and that the facts stated in the petition are true,

> [the court] *shall* order and decree that said property be sold at a subsequent day to be fixed by the court, *freed and cleared of all tax and municipal claims*, mortgages, *liens*, charges and estates, except separately taxed ground rents, to the highest bidder, and that the purchaser at such sale *shall* take and thereafter have an absolute title to the property sold *free and clear of all tax and municipal claims*, mortgages, *liens*, charges and estates of whatsoever kind, except ground rents, separately taxed.

72 P.S. § 5860.612 (emphasis added). Thus, the RETSL, like the MCTLA, contemplates the divestiture of all liens, with no exception, when a property is exposed to a judicial sale.

The County focuses on Section 312 of the RETSL, which provides:

> *Any such claim for taxes, if such taxes were returned to the bureau within the time required by this act, shall remain a lien upon said property until fully paid and satisfied, or until said property shall be sold as provided in this act.* If a tax is not returned to the bureau within the time required by this act, its lien on the property shall be wholly lost. But where a tax has not been returned as required by this act, a taxing district may nevertheless proceed, by action in assumpsit, to recover the amount of any taxes due and owing by an owner at any time within six (6) years after the taxes first became due.

72 P.S. § 5860.312 (emphasis added). The County argues that this language expresses an intent by the legislature that taxing districts coordinate their tax collection efforts through county tax claim bureaus. Those taxing districts stand to lose the protection afforded by Section 312 if municipalities such as the City may proceed with a free and clear judicial sale under the MCTLA. Although the County acknowledges that the RETSL did not expressly repeal any specific provisions of the MCTLA, it contends that the operative provisions of the two statutes are irreconcilable and that the RETSL, which was enacted later in time, impliedly repealed the MCTLA. Alternatively, the County urges this Court to engraft a qualifier onto the "free and clear" sale provisions of the MCTLA and require a municipality proceeding under that act to include in its opening bid price the dollar amounts of claims turned over to a tax claim bureau pursuant to the RETSL.

■ Section 1971 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1971, governs our inquiry and provides as follows:

> (a) Whenever a statute purports to be a revision of all statutes upon a particular subject, or sets up a general or exclusive system covering the entire subject matter of a former statute and is intended as a substitute for such former statute, such statute shall be construed to supply and therefore to repeal all former statutes upon the same subject.
>
> (b) Whenever a general statute purports to establish a uniform and mandatory system covering a class of subjects, such statute shall be construed to supply and therefore to repeal pre-existing local or special statutes on the same class of subjects.
>
> (c) In all other cases, a later statute shall not be construed to supply or re-

peal an earlier statute unless the two statutes are irreconcilable.

It is axiomatic that implied repeals are not favored by the law. *In re Delinquent Tax Sale*, 83 Pa.Cmwlth. 411, 477 A.2d 603, 605 (1984).

■ The RETSL does not fit into the categories designated in subsections (a) or (b) since the tax claim bureaus it creates become operative only to the extent counties and municipalities elect to utilize them; in other words, the RETSL tax collection scheme is optional rather than mandatory. *Cedarbrook Realty, Inc. v. Nahill*, 484 Pa. 441, 456–457, 399 A.2d 374, 382 (1979). *See also* Section 208 of the RETSL, 72 P.S. § 5860.208 (the tax claim bureau "shall ... be the agent of the taxing districts whose tax claims are returned to the bureau for collection and prosecution under the provisions of this act ...".). Thus, the City, which presumably has not opted in to the RETSL scheme, was free to proceed under the MCTLA with respect to the sale of the properties at issue in this case.

We disagree with the County's assertion that Section 312 of the RETSL is irreconcilable with, and therefore impliedly repealed, Section 7281 of the MCTLA.[8] Our Supreme Court has held that when a tax sale is commenced under a particular act of the General Assembly,

the procedure therein prescribed must be followed and under that act alone must the validity and effect of the sale be tested. Other legislation providing a different procedure or result cannot be used either to sustain such sale or secure additional rights or results. The act under which the proceeding is had must show the authority and the effect of such sale.

*Gordon v. City of Harrisburg*, 314 Pa. 70, 73, 171 A. 277, 278 (1934). While *Gordon* was decided before the RETSL was enacted, the validity of its announced principle remains valid and controls the outcome of this case. The City elected to proceed under the MCTLA and had legal authority to do so. The validity and effect of the City's judicial sale is therefore tested under the MCTLA alone, without regard to the RETSL or any other legislation.

This Court also addressed an issue similar to the one at bar in *In re Delinquent Tax Sale*, 83 Pa.Cmwlth. 411, 477 A.2d 603 (1984). In that case, the trial court denied appellant's petition under the so-called Compromise Act[9] to approve a compromise of delinquent real estate taxes, penalties, interest and costs. In doing so, the court agreed with the county tax claim bureau that certain provisions of the Compromise Act were irreconcilable with the later-enacted RETSL and had been impliedly repealed. This Court reversed, noting that implied repeals are generally disfavored and, more importantly, that "[t]here is nothing inherently inconsistent in the existence of two distinct statutory procedures for the resolution of the same disputes even though the result may be a lack of symmetry in the area." *Id.*, 477 A.2d at 605 (quoting *Pennsylvania Turnpike Commission v. Sanders & Thomas, Inc.*, 461 Pa. 420, 429, 336 A.2d 609, 614 (1975)).

The same is true in this case. As the trial court aptly noted, the MCTLA and RETSL are not inconsistent with one an-

---

**8.** The legislative history of the two acts suggests otherwise. The General Assembly reviewed (and amended) Section 7281 of the MCTLA in 2003, Act of August 14, 2003, P.L. 83, and presumably perceived no conflict with Section 312 of the RETSL, which was last amended in 1986. Act of July 3, 1986, P.L. 351.

**9.** Act of November 23, 1938, Sp. Sess., P.L. 90, 72 P.S. §§ 5551–5554.

other; rather, they permit, through strikingly similar and parallel mechanisms, a taxing authority to expose a delinquent property for an upset sale and, in the absence of receiving the upset price by which to satisfy the delinquent taxes and claims, a "free and clear" judicial sale. Whether the judicial sale is effected under the MCTLA or the RETSL the intent of the legislature is the same: to return real property to productive use under new ownership. *See Bell v. Berks County Tax Claim Bureau,* 832 A.2d 587, 593 n. 13 (Pa.Cmwlth.2003).[10]

In sum, we agree with the trial court's astute legal analysis regarding the purported conflict between the MCTLA and the RETSL. We hold that the two statutes are very similar and operate concurrently with one another, due to the fact that the RETSL establishes an alternative for the collection of delinquent tax claims, but not a mandatory alternative. The County's argument would require us to find, in derogation of the express language used by the legislature, that RETSL is mandatory. We find no merit to the County's claim that any or all of the provisions of the MCTLA have been impliedly repealed by the RETSL.

Accordingly, we affirm the orders of the trial court exposing the subject properties to judicial sale.

### ORDER

AND NOW, this 12th day of May, 2005, the orders of the Court of Common Pleas of Lehigh County in the above-captioned matter, dated August 23, 2004, are hereby AFFIRMED.

---

10. Alternatively, the County urges this Court to combine aspects of an upset sale and a judicial sale by engrafting a qualifier onto the "free and clear" sale provisions of the MCTLA so as to include the amount of any RETSL tax liens in the opening bid price. We decline to do so and note that this Court rejected a similar argument in *Bell.* Such a mechanism would also frustrate the legislature's clear directive that a judicial sale result in the divestiture of *all* liens.