IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia                           :
                                               :
                    v.                         :
                                               :
N. Park Development LLC and                    :
Delanco Federal Savings Bank                   :
and Sahil S. Singhal                           :
                                               :   No. 1163 C.D. 2014
Appeal of: Sahil S. Singhal                    :   Argued:  May 4, 2015


BEFORE:    HONORABLE BERNARD L. McGINLEY, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE McGINLEY                             FILED:  December 16, 2015

Sahil S. Singhal (Singhal) challenges the orders of the Court of Common Pleas of Philadelphia County (trial court) that granted the redemption petitions for real estate filed by Delanco Federal Savings Bank (the Bank) for real properties located at 3309 and 3311 North Park Avenue, Philadelphia, Pennsylvania 19140 and permanently enjoined Singhal from asserting any adverse claim to the Bank's title to the real estate.  The trial court ordered the Bank to pay Singhal $54,874.63 for 3311 North Park Avenue and $54,874.62 for 3309 North Park Avenue.

On December 4, 2012, the City of Philadelphia (City) filed two separate City tax claims in the trial court against the properties owned by N. Park Development LLC[1] for delinquent real estate taxes.  On March 13, 2013, the trial

_____
[1]    The Bank held a mortgage on each of the properties.

court entered judgment in favor of the City in the two separate actions. With respect to the property located at 3309 North Park Avenue, the trial court entered judgment in the amount of $4,219.73. With respect to the property located at 3311 North Park Avenue, the trial court entered judgment in the amount of $4,222.80. The trial court also ordered execution to proceed and for both parcels to be sold to the highest bidder at sheriff's sale. On September 26, 2013, Singhal purchased both properties. He purchased 3309 North Park Avenue for $44,500.00 and 3311 North Park Avenue for $51,000.00. The Sheriff of Philadelphia County issued sheriff's deeds to Singhal after the balance of the purchase price was paid.

The Bank petitioned to redeem the property located at 3309 North Park Avenue and alleged:

> 1. The petitioner, Delanco Federal Savings Bank [the Bank], is a New Jersey corporation with offices at 615 Burlington Avenue, P.O. Box 528, Delanco, New Jersey 08075.
> . . . .
> 4. N. Park Development, LLC, is an interested party with offices at 2000 Hamilton Street, Unit 558, Philadelphia, Pa. 19130. N. Park Development, LLC was owner of the subject property but lost it at tax sale as set forth below.
>
> 5. The petitioner, Delanco Federal Savings Bank [the Bank], previously held a mortgage to a parcel of real estate located at 3309 North Park Avenue, Philadelphia, Pa. 19140 (hereinafter sometimes referred to as 'the premises').
>
> 6. On or about September 26, 2013, the Philadelphia sheriff conducted a sale of the premises for the non-payment of delinquent real estate tax in the amount of $4,339.46 at which sale respondent Sahil Singhal won

2

the bid for the amount of $44,500.00   The tax sale discharged Petitioner's [the Bank] lien on the property.

7.  Title 53, Section 7293(a) of the Pennsylvania Statute [Section 32 of the Act generally known as the Municipal Claims and Tax Liens Act (Act),[2], 53 P.S. §7293(a)] provides in pertinent part that:   'The owner of any property sold under a tax or municipal claim, or his assignees, **or any party whose lien or estate has been discharged thereby**, may . . . redeem the same at any time within nine months from the date of the acknowledgement of the sheriff's deed therefor, upon payment of the amount bid at such sale; the cost of drawing, acknowledging, and recording the sheriff's deed; the amount of all taxes and municipal claims, whether or not entered as liens, if actually paid; the principal and interest of estates and encumbrances, not discharged by the sale and actually paid, the insurance upon the property, and other charges and necessary expenses of the property, actually paid, less rents or other income therefore, and a sum equal to interest at the rate of ten per centum per annum thereon, from the time of each of such payments. . .'  53 P.S. §7293(a) [(emphasis added [by the Bank])].

8.  The petitioner [the Bank] has filed the present motion within nine months of the date of the sheriff's acknowledgement of the deed, thus the motion is timely filed.

9.   The premises has been occupied by the same individual or basic family [unit] as a residence continually for the 90 days preceding the date of the sale of the premises and on the date of acknowledgement of the deed and continues to be so occupied to this date.

10.  Petitioner [the Bank] is able to demonstrate his [sic] 'readiness to pay the redemption money' pursuant to 53 P.S. §7293(b).

---

[2]  Act of May 16, 1923, P.L. 207, *as amended*.

Petition for Redemption of Real Estate Pursuant to 53 P.S. §7293, December 19, 2013, Paragraph Nos. 1 and 4-10 at 2-3; Reproduced Record (R.R.) at 48a-49a.

The Bank also petitioned to redeem the property located at 3311 North Park Avenue and raised essentially the same allegations:

> 4. N. Park Development, LLC, is an interested party with offices at 2000 Hamilton Street, Unit 558, Philadelphia, Pa. 19130. N. Park Development, LLC was owner of the subject property but lost it at tax sale as set forth below.
>
> 5. The petitioner, Delanco Federal Savings Bank [the Bank], previously held a mortgage to a parcel of real estate located at 3311 North Park Avenue, Philadelphia, Pa. 19140 (hereinafter sometimes referred to as 'the premises').
>
> 6. On or about September 26, 2013, the Philadelphia sheriff conducted a sale of the premises for the non-payment of delinquent real estate tax in the amount of $4,342.89 at which sale respondent Sahil Singhal won the bid for the amount of $51,000.00 The tax sale discharged Petitioner's [the Bank] lien on the property.
> . . . .
> 9. The premises has been occupied by the same individual or basic family [unit] as a residence continually for the 90 days preceding the date of the sale of the premises and on the date of acknowledgement of the deed and continues to be so occupied to this date.

Petition for Redemption of Real Estate Pursuant to 53 P.S. §7293, December 19, 2013, Paragraph Nos. 4-6 and 9 at 2-3; R.R. at 36a-37a.

Singhal opposed the petitions. With respect to 3309 North Park Avenue, Singhal responded:

4

**7. Denied. Petitioner has chosen to omit the most important part or exception to this rule.** 53 P.S. § 7293(a) states that, 'The owner of any property sold under a tax or municipal claim, or his assignees, or any party whose lien or estate has been discharged thereby, may, **except as provided in subsection (c) and (d) of this section,** redeem the same at any time within one year from the date of the acknowledgement of the sheriff's deed therefore, upon payment of the amount bid at such sale.' **The ability of the prior owner or interested party to redeem property sold at a sheriff's sale contains a restriction outlined in Section 7293(c).**

**8. Denied. The petition is untimely as the deed has not been acknowledged yet by the Sheriff of Philadelphia.**

**9. Denied.** The Premises consisting of 5 rental studio apartments at 3309 N. Park Avenue, Philadelphia, PA 19140 have been vacant before the auction, on the date of auction on 9/26/13 and since then and Respondent, the new owner has full possession and keys for all of them and has been renovating them as seen in the **pictures 1 to 15**. Most of these apartments did not even have heating or lights on the date of the auction and beyond and respondent is still working to achieve that. Petitioner [the Bank] is being asked to furnish the leases, utility bills and cancelled checks as proofs of payment to show that these 5 units have been occupied during the period of interest before and after the sheriff sale. Failing to prove this, **respondent requests the court to censor the petitioner for giving a false statement and signing a false verification** and be subjected to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities. Petitioner [the Bank] is also being offered a chance to visit the property with the respondent to verify if the premises are vacant or occupied.

53 P.S. § 7293 (c) states that 'Notwithstanding any provision of law to the contrary, in any city, township, borough or incorporated town, there shall be no redemption of vacant property by any person after the date of acknowledgement of the sheriff's deed therefore.

> For purposes this subsection, property shall be deemed to be '**vacant property' unless it is continuously occupied by the same individual or basic family unit as a residence for at least ninety days prior to the date of the sale and continues to be so occupied on the date of acknowledgement of the sheriff's deed therefore.**'
>
> The language of Subsection (c) of the Act is unambiguous and limits redemption to non-vacant property occupied as a residence. There is no evidence of record that the property was occupied 'by the same individual or basic family unit as a residence for at least ninety days prior to the date of the sale, on date of sale and since the sale.' (Emphasis in original.)

Response in Opposition to Bank's Petition for Redemption of Auctioned Vacant Multifamily Rental Premises at 3309 N. Park Avenue, Philadelphia, PA 19140, January 8, 2014, Paragraph Nos. 7-9 at 1-2.[3]

The City answered and in new matter asserted that the grant of a redemption petition would result in the former owner, N. Park Development LLC, owning the two properties and not the Bank.[4]

On March 14, 2014, the trial court granted a motion to consolidate the two actions. On April 9, 2014, the deeds to the two properties were acknowledged by the Office of Judicial Records (Civil) of Philadelphia County.

---

[3] Singhal submitted essentially the same response to the petition for redemption for the property located at 3311 North Park Avenue.

[4] Singhal did not challenge the Bank's ability to attempt to redeem the properties when the Bank had not been the owner of the properties.

On May 28, 2014, the trial court conducted a hearing. Angela Chandler (Chandler), who apparently was affiliated with North Park Development LLC, testified on behalf of the Bank that she was the titleholder to the two properties. She described 3309 North Park Avenue and 3311 North Park Avenue as two three-level apartment buildings with three units each. The properties were located adjacent to each other and served as rental property. Chandler testified that as of the summer of 2013 she had two tenants, Mark Allen (Allen) and Stanley Saunders (Saunders) in 3309 North Park Avenue. Notes of Testimony, May 28, 2014, (N.T.) at 8-10; R.R. at 92a-94a. At the time of the sheriff's sale, the two units were occupied. Allen had resided there from July 1, 2011, to November 1, 2013. Saunders resided there from February 2012, to November 2, 2013. N.T. at 11-12; R.R. at 95a-96a. Chandler explained their departures:

> They called me one afternoon saying they couldn't get entrance to their unit and asked me if I had changed the locks. I told them of course I hadn't. Stanley had keys to the other building and he was able to get to the back alley of the building and gain access to his window in his unit on the first floor and get into 3309. He was unable to get Mr. Allen's belongings up in his unit on the third floor.

N.T. at 13-14; R.R. at 97a-98a.

Chandler further explained that Singhal[5], currently the Appellant and the purchaser of the properties, changed the locks. N.T. at 14; R.R. at 98a. Chandler telephoned Singhal and told him that "people were living in these units, you couldn't change the locks without recording that with them to which he

---

[5]     Chandler referred to him as Ajay Singhal. Sahil S. Singhal is the appellant here. It is unclear if Ajay and Sahil are the same person.

responded he owned the unit and could do whatever he wanted to with them." N.T. at 15; R.R. at 99a. Both Allen and Saunders told her that they did not want to vacate. N.T. at 15; R.R. at 99a. On cross-examination, Chandler admitted 3309 North Park Avenue was zoned for three tenants, but the property was subdivided into five units. N.T. at 17; R.R. at 101a.

Saunders identified his lease for 3309 North Park Avenue and testified that he first occupied his unit on February 1, 2012. N.T. at 26; R.R. at 110a. In September or October 2013, he saw people changing the locks. He inquired, and "[t]hey said we changing [sic] the locks. They say it was new owners. . . . I informed them I had no notice of them becoming owners of this property." N.T. at 27; R.R. at 111a. Saunders never received notice of eviction. N.T. at 28; R.R. at 112a. If he had not been locked out, he believed that he would still live at 3309 North Park Avenue. N.T. at 29; R.R. at 113a.

Allen testified that he was in the process of moving when the locks were changed, and he was trying to remove his possessions. N.T. at 34; R.R. at 118a. However, he still lived there at the time the locks were changed. N.T. at 37; R.R. at 121a. He never obtained his possessions from 3309 North Park Avenue. N.T. at 38; R.R. at 122a.

Joseph Cook (Cook) testified that he previously resided at 3311 North Park Avenue in a unit on the first floor. N.T. at 43; R.R. at 127a. Cook identified his lease dated July 8, 2012, and testified that he moved into the unit on July 7, 2011. N.T. at 44; R.R. at 128a. When the locks were changed, the men changing

8

the locks gave Cook and his daughter keys for the new lock on the front door. The lock on Cook's apartment was not changed. N.T. at 46; R.R. at 131a. Cook was not evicted but left 3311 North Park Avenue because Singhal did not continue a rent subsidy program in which Cook participated through the Philadelphia Housing Fund Association. N.T. at 47; R.R. at 132a. When Singhal took possession of 3311 North Park Avenue, Cook and his family occupied one of the five units. The other four were vacant. N.T. at 48; R.R. at 133a.[6]

Ajay Singhal testified that Cook told him that he and his family were the only residents of the two buildings in June 2013. N.T. at 53; R.R. at 138a. He testified that the condition of the two properties was "pretty bad and many of the units were not livable." N.T. at 53; R.R. at 138a.[7]

The trial court did not permit Singhal to call Antoinette Grant (Grant), Cook's daughter, as a witness because Singhal's attorney, Licardo Gwira (Attorney Gwira), informed the trial court that Grant's testimony would not differ from Cook's.

The trial court granted the redemption petitions. The parties agreed that Singhal would be paid a total of $109,749.25 for both properties. The trial court's orders dated May 28, 2013, granted the redemption petitions and ordered Singhal to convey the properties to N. Park Development, LLC. Singhal moved

---

[6] The parties stipulated that the Bank had the ability to pay the redemption amount. N.T. at 52; R.R. at 137a.

[7] Arvine Soni, property manager for Singhal, identified photographs of 3309 and 3311 North Park Avenue which were submitted into evidence.

9

for reconsideration which the trial court denied by orders dated June 10, 2014. The trial court reasoned:

> Essentially, Appellant's [Singhal] arguments boil down to two complaints: that the properties were not occupied during the necessary period, and that the Court erred in the admission of evidence and testimony as to the vacancy or lack thereof.
>
> Appellant [Singhal] complains that this Court improperly admitted testimony from the building's former tenants, arguing that the testimony was 'inconsistent' and that no police report had been filed. However, 'the admission or exclusion of evidence is a matter within the sound discretion of the trial court, which may only be reversed upon a showing of a manifest abuse of discretion.'. . . . Despite Appellant's [Singhal] arguments, he has not shown how the testimony as outlined above constitutes prejudice to the complaining party or an abuse of discretion. . . .
>
> Evidence introduced showed that the property was sold September 26, 2013, and that at the time of the sheriff's sale tenants were living in apartments in each of the properties, both 3309 North Park Avenue and 3311 North Park Avenue. The tenants provided proof of residence and this Court found their testimony credible. The tenants would have continued to live in those apartments but for the fact that Appellant [Singhal], who never filed an official eviction action in the courts, changed the locks at some time in October, 2013. Although Appellant [Singhal] testified that he had taken pictures which proved the properties were vacant, testimony established that the pictures were in fact taken in December, 2013, after the locks had been changed and the previous tenants forced from their homes. The evidence was sufficient to establish that the properties had been occupied from the date of the sheriff's sale up until the point Appellant [Singhal] himself changed the locks.

> The parties did not disagree that Appellee [the Bank] had the means necessary to pay the redemption costs, had an interest in the property, and that the petition was timely.
>
> Thus, this Court properly granted the redemption, and Appellant [Singhal] is not entitled to relief. (Citations omitted).

Trial Court Opinion, September 17, 2014, at 6-7.

Singhal contends that the trial court's decision that both 3309 and 3311 North Park Avenue were occupied as residences and not vacant because self-help evictions occurred when the locks were changed on the doors to both buildings was unsupported by substantial evidence, when in actuality, Cook, the only tenant in 3311 North Park Avenue, was never locked out and only vacated the apartment before the requisite term because he could no longer use his public housing subsidy.

Singhal also contends that the trial court erred as a matter of law when it considered the two properties as one, when each property was considered a separate parcel for tax sale purposes by the City.

Singhal also contends that the trial court erred as a matter of law when it determined that the property located at 3309 North Park Avenue was occupied as a residence and not vacant when in actuality the tenants did not occupy their apartments for the requisite statutory period because they were locked out by

Singhal. Singhal also contends that the trial court abused its discretion when it precluded Singhal from calling Grant as a witness.[8]

Initially, Singhal contends that the trial court decisions were unsupported by substantial evidence because it ruled that Cook was locked out of the apartment located at 3311 North Park Avenue and would have otherwise occupied 3311 North Park Avenue as a residence in accordance with Section 32 of the Act, 53 P.S. §7293, when actually the tenants vacated the property because they could no longer access their public housing subsidy.

Section 32 of the Act, 53 P.S. §7293, provides in pertinent part:

(a) The owner of any property sold under a tax or municipal claim, or his assignees, or any party whose lien or estate has been discharged thereby, may, except as provided in subsection (c) of this section, redeem the same at any time within nine months from the date of the acknowledgment of the sheriff's deed therefor, upon payment of the amount bid at such sale; the cost of drawing, acknowledging, and recording the sheriff's deed; the amount of all taxes and municipal claims, whether not entered as liens, if actually paid; the principal and interest of estates and encumbrances, not discharged by the sale and actually paid; the insurance upon the property, and other charges and necessary expenses of the property, actually paid, less rents or other income therefrom, and a sum equal to interest at the rate of ten per centum per annum thereon, from the time of each of such payments. If both owner and creditor desire to redeem, the owner shall have the right so to do only in

---

[8] This Court's review is limited to a determination of whether the trial court abused its discretion, rendered a decision unsupported by substantial evidence or erred as a matter of law. City of Allentown v. Kauth, 874 A.2d 164 (Pa. Cmwlth. 2005).

12

case he pays the creditor's claim in full. If more than one creditor desires to redeem, the one who was lowest in lien at the time of sale shall have the prior right, upon payment in full of the claim of the one higher in lien. Within nine months, one who was lower in lien may redeem from one higher in lien who has already redeemed, and the owner may redeem from him; and so on throughout in each case by paying the claim of the one whose right was higher; and one higher in lien may redeem from one lower in lien, unless his claim is paid, but in each case the right must be exercised within nine months.

. . . .

(c) Notwithstanding any other provision of law to the contrary, in any city, township, borough or incorporated town, there shall be no redemption of vacant property by any person after the date of the acknowledgment of the sheriff's deed therefor. For the purposes of this subsection, property shall be deemed to be '**vacant property**' unless it was continuously occupied by the same individual or basic family unit as a residence for at least ninety days prior to the date of the sale and continues to be so occupied on the date of the acknowledgement of the sheriff's deed therefor. (Emphasis in original.)

Singhal asserts that Cook vacated the property at 3311 North Park Avenue of his own volition because Cook had to find an apartment that would accept the rent subsidy he received from the Philadelphia Housing Fund Association. Singhal did not participate in that program while the prior owner did. Admittedly, Singhal did change the lock to the front door at 3311 North Park Avenue, but he provided a key to Cook. Therefore, according to Singhal, the trial court's determination that Cook and his daughter were locked out of their apartment at 3311 North Park Avenue was unsupported by substantial evidence.

13

While Cook was given a key to the new front door, he was forced to leave 3311 North Park Avenue. Cook was informed that Singhal would not continue in the rent subsidy program. Singhal's refusal to participate in the rent subsidy program amounted to an increase in the cost of the unit and a change in the terms of Cook's lease. While Singhal did not physically evict Cook by changing the locks, he did constructively evict him.

> To constitute a constructive eviction, the interference by a landlord with the possession of his tenant or with the tenant's enjoyment of the demised premises must be of a substantial nature and so injurious to the tenant as to deprive him of the beneficial enjoyment of the demised premises, to which the tenant yields, abandoning possession within a reasonable time.

Lindstrom v. Pennswood Village, 612 A.2d 1048, 1052 n. 2 (Pa. Super. 1992).

Here, because Singhal declined to permit Cook to utilize the rent subsidy, Cook was forced to leave the property. Without this change in the terms of the lease, there are numerous indications in the record noting that Cook would not have vacated the premises. Essentially, Singhal constructively evicted Cook. This Court finds no error in the trial court's conclusion that 3311 North Park Avenue was not vacant.[9]

---

[9] The trial court did not address Singhal's refusal to participate in the rent subsidy program. Rather, the trial court focused on Singhal changing the locks. However, Cook testified that he was given a key for the new lock. Although the trial court erred when it determined that 3311 North Park Avenue was occupied on the basis of the changing of the locks at 3311 North Park Avenue, this error was harmless as the property was not vacant due to the constructive eviction of Cook.

Singhal next contends that the trial court erred as a matter of law when it considered the two adjoining properties as one and it determined that they were not vacant. While he is accurate that the two properties must be considered separately, Singhal makes this argument based on his erroneous conclusion that the property located at 3311 North Park Avenue was vacant. Because this Court has concluded that Cook would not have left the property if Singhal had continued to accept the rent subsidy, evidence was presented that each property was not vacant.

Singhal next contends that the trial court erred as a matter of law when it ruled that the property at 3309 North Park Avenue was occupied as a residence and not vacant when in actuality the tenants did not occupy their apartments for the requisite statutory period. Singhal argues that the Act does not permit an exception to the continuing residence requirement when a successful tax sale bidder changes the locks for apartment units. Singhal's argument is unpersuasive because if courts of this Commonwealth followed Singhal's reasoning a buyer at a tax sale could simply change the locks to keep out the tenants in possession and then claim that the purchased property was vacant.

The trial court determined that Allen and Saunders lived at 3309 North Park Avenue and were forced from their apartments when Singhal changed the locks. Both tenants at 3309 North Park Avenue had leases. Once the locks were changed, they were unable to enter and enjoy the premises they had rented. This Court finds no error on the part of the trial court when it determined that 3309 North Park Avenue was not vacant.

Finally, Singhal also contends that the trial court abused its discretion when it precluded Singhal from calling Grant as a witness to corroborate the testimony of her father, Cook.

The decision by a trial court to admit or exclude evidence is a matter with the discretion of the trial court and will not be reversed unless the trial court abused its discretion. <u>Lock v. City of Philadelphia</u>, 895 A.2d 660 (Pa. Cmwlth. 2006).

Here, the trial court asked Attorney Gwira if Grant would say anything that was different from Cook's testimony. Attorney Gwira replied, "No, she won't." N.T. at 67; R.R. at 152a.

Given that Grant's testimony would not add anything to the record before the trial court, the trial court's decision to preclude her testimony did not constitute an abuse of discretion.

Accordingly, this Court affirms.

_____
BERNARD L. McGINLEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia           :
                                             :
                 v.                 :
                                               :
N. Park Development LLC and     :
Delanco Federal Savings Bank      :
and Sahil S. Singhal            :
                                             :    No. 1163 C.D. 2014
Appeal of: Sahil S. Singhal       :

## **O R D E R**

AND NOW, this 16th day of December, 2015, the orders of the Court of Common Pleas of Philadelphia County in the above-captioned matter are affirmed.

_____
BERNARD L. McGINLEY, Judge