IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia     :
           :
   v.        :  No. 1082 C.D. 2020
           :  Submitted: November 15, 2021
Germantown Investments, LLC,  :
     Appellant   :

BEFORE:  HONORABLE MARY HANNAH LEAVITT, Judge[1]
      HONORABLE ELLEN CEISLER, Judge
      HONORABLE STACY WALLACE, Judge[2]

OPINION
BY JUDGE LEAVITT        FILED: February 25, 2022

    Germantown Investments, LLC (Owner) has appealed an order of the Court of Common Pleas of Philadelphia County (trial court) dismissing its petition to redeem the premises at 111 E. Gorgas Lane in Philadelphia (Property) as untimely. On appeal, Owner argues that the trial court erred because the sheriff's acknowledgement of the Property's deed issued to a purchaser at a tax sale did not conform to Section 31.2 of what is commonly known as the Municipal Claims and Tax Liens Act (Act),[3] and, thus, is a nullity. Owner further argues that the purchaser of the Property, MGC Investments, Inc. (Purchaser), and its principals, Michael Candido, Ilir Sinanaj, and Barton Sacks, acted in bad faith by promptly encumbering

---

[1] This matter was assigned to the panel before January 3, 2022, when President Judge Emerita Leavitt became a senior judge on the Court.

[2] This case was assigned to a panel that included Judge Crompton. Judge Crompton's service with the Court ended on January 2, 2022, before the Court reached a decision in this matter. Accordingly, Judge Wallace was substituted for Judge Crompton as a panel member in this matter and considered the matter as submitted on briefs.

[3] Act of May 16, 1923, P.L. 207, *as amended*, added by the Act of March 15, 1956, P.L. (1955) 1274, 53 P.S. §7283.

the Property with mortgage liens during the redemption period.[4]  Upon review, we affirm.

## Background

The Property is developed as a four-unit apartment building.  On September 25, 2017, the City of Philadelphia (City) filed a petition for rule to show cause why the Property should not be sold free and clear of all liens and encumbrances for non-payment of real estate taxes.  The trial court issued the rule to show cause, to which Owner filed no response.[5]  On January 11, 2018, the trial court entered a decree ordering the Property to be sold at a sheriff's sale to the highest bidder.  On August 22, 2019, the Property was sold to Purchaser for $205,000.  That same day Purchaser paid $21,000 and the remainder, $184,000, on September 13, 2019.  On September 16, 2019, the deed to Purchaser was acknowledged by the sheriff's office.  On September 23, 2019, the deed was recorded to reflect Purchaser as the record owner.  On October 23, 2019, Candido, the president of Purchaser, and Sinanaj made a $255,000 loan to Purchaser secured by the Property.  On February 14, 2020, Sacks made a $400,000 loan to Purchaser which was also secured by the Property.  Both mortgages were recorded.

On July 6, 2020, Owner filed a petition to redeem the Property.  The petition averred that on August 22, 2019, upon learning of the sheriff's sale, Owner called the City and inquired whether payment of past due taxes would redeem the Property.  The City's employee stated that "it would."  Petition to Redeem ¶9; Reproduced Record at 21a (R.R.____).  On August 29, 2019, Owner sent electronic payments in the amount of $14,864.60 to the City, which represented the "back

---

[4] The City of Philadelphia did not file a brief or otherwise participate in this appeal.

[5] The City filed affidavits of service that Owner was served with the petition and the rule to show cause.  Service is not an issue in the instant appeal.

2

taxes, late charges and interest due" shown on the City's website. Petition ¶10; R.R. 22a. The City issued receipts, and its website showed "a zero tax balance for the [P]roperty." Petition ¶12; R.R. 22a.

The petition to redeem further averred that on June 27, 2020, Candido called the management company for the Property and stated that he had purchased the Property at the sheriff's sale; the redemption period was over; and he wanted the management company to continue managing the Property. Petition ¶15; R.R. 22a. Prior thereto the management company had been collecting monthly rent payments from tenants on behalf of Owner, even after the August 22, 2019, sheriff's sale. The petition asserted that had Owner realized that its payment of the outstanding taxes did not redeem the Property, Owner would have filed the petition to redeem sooner. Petition ¶19; R.R. 23a.

The petition to redeem asserted that the sheriff violated Section 31.2(b) of the Act, 53 P.S. §7283(b), by executing and acknowledging Purchaser's deed "sooner than thirty days" after Purchaser paid for the Property. Because these actions were premature, Purchaser's deed was void, and Owner's petition to redeem was therefore filed within the nine-month redemption period set forth in the statute. *See* Section 32 of the Act, 53 P.S. §7293. The petition also asserted that Purchaser, Candido, Sinanaj, and Sacks acted in bad faith by encumbering the Property with mortgages, which should be stricken. In response, Purchaser, Candido, Sinanaj, and Sacks filed petitions to intervene and answers in opposition to the petition to redeem.

On September 23, 2020, the trial court granted the petitions to intervene and denied Owner's petition to redeem. In its PA. R.A.P. 1925(a) opinion, the trial court explained that Owner's petition to redeem was untimely because it was filed on July 6, 2020, after expiration of the statutory nine-month redemption period. The

3

sheriff's acknowledgement of Purchaser's deed on September 16, 2019, *i.e.*, three days after Purchaser paid for the Property, triggered the nine-month redemption period. The trial court construed Section 31.2(b) of the Act, 53 P.S. §7283(b), to mean that the three actions of deed execution, acknowledgement, and delivery must not be finalized prior to the 30-day period beginning on the date of deposit of the purchase price. However, the statute did not mean that one action, *i.e.,* the deed acknowledgement, had to be deferred until expiration of the 30-day period. Nevertheless, even if the deed acknowledgement had been prematurely issued, the Act does not authorize a rescission or invalidation of the deed as a penalty for issuing an early deed acknowledgement. Trial Court 1925(a) op. at 6. Owner appealed to this Court.

## Appeal

On appeal,[6] Owner raises four issues for our review, which we combine into two for clarity. First, Owner argues that the trial court erred by holding that Purchaser's deed and the mortgages were not void under Section 31.2(b) of the Act, 53 P.S. §7283(b). As a result, Owner's petition to redeem the Property was filed timely under Section 32 of the Act, 53 P.S. §7293. Second, Owner argues that Purchaser, Candido, Sinanaj, and Sacks acted in bad faith by creating "clouds on the title," which have made it more difficult for Owner to redeem the Property. Owner Brief at 23. We address these issues *seriatim*.

## I. Timeliness of Redemption

In its first issue, Owner argues that the trial court erred in its interpretation of Section 31.2(b) of the Act, which provides that a purchaser's deed

---

[6] Our scope of review in tax sale cases determines whether the trial court abused its discretion, rendered a decision that lacked supporting evidence, or clearly erred as a matter of law. *City of Allentown v. Kauth*, 874 A.2d 164, 165 n.4 (Pa. Cmwlth. 2005).

"shall not be executed, acknowledged *and delivered* any sooner than thirty days … after the purchaser pays the balance due to the sheriff for any sale held under this section." 53 P.S. §7283(b) (emphasis added). Owner construes this language to mean that none of the three referenced actions, *i.e.*, deed execution, acknowledgement, or delivery, could have occurred until October 13, 2019, 30 days after Purchaser made full payment for the Property. Owner's petition to redeem was filed on July 6, 2020, within nine months after October 13, 2019, "the earliest date that the time to file the petition would commence." Owner Brief at 21. Owner argues that the sheriff's acknowledgement of the deed on September 16, 2019, was irrelevant to the computation of the nine-month redemption period.

Owner further argues that the purpose of the Act "is not to strip the owner of his or her property but to collect municipal claims." Owner Brief at 17 (citing *City of Philadelphia v. F.A. Realty Investors Group*, 95 A.3d 377 (Pa. Cmwlth. 2014)). Here, Owner paid the outstanding taxes in full on August 29, 2019, which fully accomplished the object of the Act. Owner asserts that had it been aware that the payment by itself did not redeem the Property, it would have filed the petition to redeem sooner. Owner Brief at 22.

In response, Purchaser argues that Owner construes "and" to mean "or" in Section 31.2(b) of the Act. If the legislature had so intended, it would have so stated. More importantly, Purchaser contends that the 30-day period in Section 31.2(b) was intended to give the City an opportunity to object to the deed being recorded in the purchaser's name where there is an outstanding property code violation. In other words, only the City may challenge the so-called "early" execution, acknowledgement, and delivery of the deed under Section 31.2(b) of the Act. This provision did not create rights in taxpayers such as Owner. Owner's only

5

remedy was to file a petition to redeem the Property during the nine-month redemption period calculated in accordance with Section 32 of the Act, 53 P.S. §7293, and it began to run on September 16, 2019. Owner failed to meet the statutory deadline and, as such, the trial court properly denied Owner's petition to redeem.

Section 31.2(b) of the Act was added by the Act of March 15, 1956, P.L. (1955) 1274. At the time of its enactment, it read as follows:

> (b) The deed to the purchaser shall be executed, acknowledged and delivered as in other real estate sales by the sheriff. Any person interested may at any time prior to the proposed sale pay all the costs of the proceedings, including the cost for the title search or title insurance policy, and all tax and municipal claims, penalties and interest thereon, charged against the property whereupon the proceedings on petition shall at once determine.

*Former* 53 P.S. §7283(b). In 1998, the legislature amended the Act to add Section 31.2(b.1) and (b.2). *See* Act of Jan. 29, 1998, P.L. 28, No. 6. The Act now reads as follows:

> (b) The deed to the purchaser shall be executed, acknowledged and delivered as in other real estate sales by the sheriff. *Deeds for property exposed for any sale under this section shall not be executed, acknowledged and delivered any sooner than thirty days nor later than one hundred and twenty days after the purchaser pays the balance due to the sheriff for any sale held under this section.* Any person interested may at any time prior to the proposed sale pay all the costs of the proceedings, including the cost for the title search or title insurance policy, and all tax and municipal claims, penalties and interest thereon, charged against the property whereupon the proceedings on petition shall at once determine.
>
> *(b.1) A city of the first class may, within thirty days of any sale held under this section, petition the court of common pleas to prohibit the transfer of any deed for any property exposed for any sale under this act which is located in that city to any*

*purchaser who is proven to meet any of the criteria set forth in subsection (b.2).*

(b.2)(1) The petition of a city of the first class shall allege that the purchaser has over the three years preceding the filing of the petition exhibited a course of conduct which demonstrates that a purchaser permitted an uncorrected housing code violation to continue unabated after being convicted of such violation and:

> (i) failed to maintain property owned by the purchaser in a reasonable manner such that it posed a threat to health, safety or property; or

> (ii) permitted the use of property in an unsafe, illegal or unsanitary manner such that it posed a threat to health, safety or property.

(2) A person who acts as an agent for a purchaser who sought to avoid the limitations placed on the purchase of property by this section shall be subject to the restrictions imposed by this section.

(3) Allegations under this subsection shall be proved by a preponderance of the evidence. In ruling on the petition, a court shall consider whether violations were caused by malicious acts of a current non-owner occupant and the control exercised by a purchaser in regard to his ownership interest or rights with other properties.

53 P.S. §7283(b), (b.1), and (b.2) (emphasis added). The amendment to Section 31.2(b) disallows the execution, acknowledgement, *and* delivery of the deed to the purchaser "any sooner" than 30 days "nor later" than 120 days after the purchaser pays the balance. 53 P.S. §7283(b). During this 30-day period, the City has the opportunity to petition the court to prevent a deed transfer. 53 P.S. §7283(b.1).

Under Section 31.2(e) of the Act, "[u]pon the delivery by the sheriff of a deed for any property sold under the provisions of this section, the judgment upon which such sale was had shall thereupon and forever thereafter be final and conclusive, and the validity thereof shall not be questioned for any cause

7

whatsoever." 53 P.S. §7283(e). This is consistent with the longstanding principle that the "[d]elivery of the deed [is] necessary to render it legally operative." *Stiegelmann v. Ackman*, 41 A.2d 679, 681 (Pa. 1945). Because the deed is not effective until delivery, there is no need to prohibit either execution or acknowledgement of the deed within a certain timeframe. Further, the Act does not provide a remedy, such as rescission or invalidation of the deed, where an early acknowledgement or execution takes place, assuming that the statute prohibits a deed acknowledgement sooner than 30 days after payment of the purchase price.

We conclude that the trial court did not err in interpreting Section 31.2(b) of the Act to mean that execution, acknowledgement, *and* delivery of the deed, collectively, may not occur until the 30-day period beginning on the date of deposit of the purchase price has expired.

Owner next argues that the nine-month redemption period in Section 32 of the Act cannot begin to run until the 30-day period in Section 31.2(b) has expired. Section 32(a) of the Act provides:

> *The owner of any property sold under a tax or municipal claim, or his assignees, or any party whose lien or estate has been discharged thereby, may, except as provided in subsection (c) of this section, redeem the same at any time within nine months from the date of the acknowledgment of the sheriff's deed therefor*, upon payment of the amount bid at such sale; the cost of drawing, acknowledging, and recording the sheriff's deed; the amount of all taxes and municipal claims, whether not entered as liens, if actually paid; the principal and interest of estates and encumbrances, not discharged by the sale and actually paid; the insurance upon the property, *and other charges and necessary expenses of the property*, actually paid, less rents or other income therefrom, and a sum equal to interest at the rate of ten per centum per annum thereon, from the time of each of such payments.

8

53 P.S. §7293(a) (emphasis added). Owner argues that it is solely the acknowledgement of the deed that triggers the commencement of the redemption period, not the delivery of the deed. Because the sheriff's acknowledgement of September 23, 2019, was premature, it was invalid.

We reject Owner's construction of Section 32(a) of the Act. It does not limit when the acknowledgement can be issued once the purchaser makes payment. Section 32(a) does make clear, however, that it is the "acknowledgement of the sheriff's deed" that triggers the nine-month redemption period. 53 P.S. §7293(a). Here, that date was September 16, 2019.

Alternatively, Owner argues that its payment of the outstanding taxes on August 29, 2019, accomplished the purpose of the Act and, thus, it should be permitted to redeem the Property. However, Section 32(a) of the Act directs that the amount necessary to redeem property sold under a judgment on a municipal claim includes not only outstanding taxes but also costs such as "the amount bid at such sale," "the cost of drawing, acknowledging, and recording the sheriff's deed," "the principal and interest of estates and encumbrances," and "other charges and necessary expenses of the property, actually paid." 53 P.S. §7293(a). Owner's alternative argument that its full payment of the outstanding taxes on August 29, 2019, should be deemed a redemption of the Property lacks merit. A redemption also requires payment of costs associated with the sheriff's sale, and there is no evidence that Owner made these payments.

## II. Bad Faith Transaction

Owner next argues that the mortgages on the Property should be stricken because Purchaser, Candido, Sinanaj, and Sacks acted in bad faith by "their actions and non-actions regarding the Property." Owner Brief at 25. Specifically,

9

Owner asserts that Purchaser did not notify Owner about its purchase of the Property at the sheriff's sale until the redemption period expired. Purchaser also engaged in financing transactions that were not *bona fide* because they took place within the nine-month redemption period; were unnecessary; and were "clearly designed to create clouds on the title that would make it more difficult for [Owner] to redeem the Property." Owner Brief at 23-24.

The trial court did not engage in any factual findings relevant to whether Purchaser and the named individuals acted in bad faith in the mortgage transactions. It matters not because Owner does not cite legal authority for its position or explain how these claims of bad faith are relevant to the untimeliness of its petition to redeem. Owner's bad faith argument lacks merit and is not germane to the question of whether its redemption petition was timely filed.

**Conclusion**

We hold that Owner failed to file its petition to redeem the Property within the nine-month redemption period established in Section 32(a) of the Act, which began to run on September 16, 2019, when the sheriff issued the acknowledgement of Purchaser's deed. Whether the sheriff may have violated Section 31.2(b) of the Act by acknowledging the deed "sooner than thirty days" after Purchaser paid for the Property is, simply, irrelevant. 53 P.S. §7283(b). This is because the 30-day time period set forth in Section 31.2(b) bears no relevance to the nine-month redemption period established in Section 32(a) of the Act. Discerning no error in the trial court's decision, we affirm.

_____
MARY HANNAH LEAVITT, President Judge Emerita

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia          :
                              :
        v.                    :     No. 1082 C.D. 2020
                              :
Germantown Investments, LLC,  :
                 Appellant    :

# **O R D E R**

AND NOW, this 25th day of February, 2022, the order of the Court of Common Pleas of Philadelphia County dated September 23, 2020, in the above-captioned matter, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita